STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* DONALD W. ROBERTSON.

[No. 1-173A1. Filed May 7, 1973.]

*John T. Sharpnack, Sharpnack, Bigley & David,* of Columbus, for appellant.

*Leon D. Cline, Goltra, Cline, King & Beck,* of Columbus, for appellee.

ROBERTSON, P.J.—Defendant-appellant (State Farm hereafter) is appealing a summary judgment in the amount of $10,000 entered in favor of plaintiff-appellee (Robertson) by the Bartholomew Circuit Court.

The facts surrounding this action, which are not in dispute, can be summarized as follows: On October 29, 1965, State Farm issued to Robertson an automobile insurance policy on a form which had been approved in August, 1965, by the Indiana Insurance Commissioner. Under a provision of the policy entitled "Uninsured Motorist Protection" State Farm promised to pay to Robertson or all persons insured under the policy all sums which he would be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury or death up to $10,000 for any one person insured thereunder. The policy further provided under an Exclusion (b) that Insuring Agreement III (the uninsured motorists coverage) does not apply "to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an 'insured automobile' ".

On August 24, 1966, while the State Farm insurance policy was in effect, Robertson's eighteen year old son, a member of the Robertson household, was fatally injured as the result of being struck by an uninsured automobile within the meaning of the terms of the policy. At the time of the accident Robertson's son was operating a motorcycle owned by Robertson but not named in the policy as an insured automobile. In a wrongful death action against the driver of the uninsured automobile, Robertson obtained a judgment of $10,387 which at the time the present action was commenced remained unsatisfied. Thereafter Robertson made a claim under the uninsured motorist provision of his policy with State Farm which was refused by the company.

Upon granting Robertson's motion for summary judgment, the court found, *inter alia*, that IC 27-7-5-1, Ind. Ann. Stat.

§ 39-4310 [Burns 1965 Repl.] (the uninsured motorists statute) mandates "coverage for the 'protection of persons insured', . . . irrespective of the insured's proprietory and insurance interest in the vehicle he happens to be driving" and that Exclusion (b) in the State Farm policy "violates public policy and is invalid". State Farm alleged in its motion to correct errors, and argues to the same effect on appeal, that the court's findings and judgment were contrary to law and that it was entitled to summary judgment as a matter of law.

Burns 39-4310 under which the court found Exclusion (b) invalid reads in part:

"No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, Chapter 159, sec. 14 [§ 47-1057], as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of insured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; . . . ."

The exclusion on which State Farm refused Robertson's claim is as follows:

"Insuring Agreement III (uninsured motorists coverage) does not apply:

(b) to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the name insured or resident of the same household, if such vehicle is not an 'insured vehicle.'"

Before considering the validity of the above exclusion certain principles applicable to uninsured motorists coverage, as set forth in *Indiana Insurance Company v. Noble* (1970), 148 Ind. App. 297, 265 N.E.2d 419, should be reviewed:

"The provisions of the above statute must be considered a part of every automobile liability policy the same as if written specifically therein. . . . Even where the policy fails to provide such uninsured motorist coverage, the insured is entitled to its benefits unless expressly waived in the manner provided by law. . . ." 265 N.E.2d 425.

\* \* \*

"Uninsured motorist legislation is remedial in nature and should be liberally construed. (citing authorities)

\* \* \*

"An attempt by the insurer to dilute or diminish uninsured motorist statute protection is contrary to public policy. (citing authorities)

\* \* \*

"An uninsured motorist endorsement that contravenes the requirement of the statute is, to that extent, invalid regardless of the insurance department's approval of it." (citing authorities) 265 N.E.2d 426.

While it is true, as pointed out by State Farm, that some jurisdictions, although an apparent minority, have found exclusion provisions similar to the one in question here valid, we are of the opinion in view of the clear meaning of Burns 39-4310, and the case law pertaining thereto, that Indiana is not in accord with the rule as pronounced by the courts of those jurisdictions.

In *Cannon* v. *American Underwriters, Inc.* (1971), 150 Ind. App. 21, 275 N.E.2d 567, where the insured was injured while riding as a passenger in an uninsured automobile, this court was confronted with a determination as to the validity of a provision which excluded uninsured motorists coverage "unless the insured, at the time of the accident, was operating or occupying an insured automobile". In holding that the exclusion conflicted with Burns 39-4310 and was invalid, Judge Sharp of this court stated:

". . . As stated in Patton, [*Patton* v. *Safeco Insurance Company of America* (1971), 148 Ind. App. 548, 267 N.E.2d 859] the uninsured motorist statute is for the protection of *persons* insured thereunder who are legally entitled to recover damages from owners or operators of uninsured

motor vehicles. Appellee's coverage (as limited by the exclusion in question) afforded protection to only a fraction of such persons. It therefore, as written, does not provide the protection required. It must be given effect as though the exclusion was not written into it. It was limited to such persons who at the time of the injury, were 'operating or occupying an insured automobile,' the same being defined as the automobile or automobiles named in the principal policy. Coverage applicable to only a small portion of those insured persons legally entitled to the same under the statute is a subversion of the intent of the legislature, such intent being to afford coverage to all insured persons who legally substantiate their claims. The legislature did not limit coverage to such persons injured by uninsured motorists solely to accidents involving the vehicle upon which the primary coverage was written. The *Patton* case expressly negates any such limitation. . . ." 275 N.E.2d 569.

A case even more on point than *Cannon* is *Vantine* v. *Aetna Casualty & Surety Company*, 335 F. Supp. 1296, (D.C. N.C. Ind. 1971) where, much like the instant case, the insured was fatally injured when his owned but uninsured motorcycle was involved in an accident with an uninsured motorist. The policy in *Vantine* contained a provision which excluded liability as to "bodily injury to an insured while occupying a vehicle (other than an insured automobile) owned by the named insured. . . ." The District Court, applying Indiana law, found the exclusion invalid and in so doing responded as follows to an argument substantially similar to that made on behalf of State Farm:

"Defendant's position ignores the clear meaning of the Indiana statute which mandates coverage "for the protection of persons insured", a requirement which in our view must be observed irrespective of the insured's proprietory and insurance interest in the vehicle he happens to be driving. A contrary rule would violate clear public policy, serve no legitimate business interest, and conflict with better reasoned law. Aetna Insurance Co. v. Hurst, 2 Cal.App.3d 1067, 83 Cal.Rptr. 156 (1969) ; Widiss, supra, § 2.9. Defendant's argument would, as one court observed, create the anomalous situation of precluding coverage where the insured happens to be using an owned, noninsured vehicle, while permitting a recovery if the insured were injured while driving a declared vehicle, or on horse-

back, or on his front porch, or while occupying a non-owned car furnished by a friend for his regular use. Motorist Mutual Ins. Co. v. Bittler, 14 Ohio Misc. 23, 235 N.E.2d 745 (1968)."

Based on the reasoning of the foregoing cases, it is our opinion that the trial court correctly found that Exclusion (b) in the State Farm policy issued to Robertson is in conflict with and more restrictive than the uninsured motorist's coverage afforded for "the protection of persons insured" under Burns 39-4310, and that the statute must therefore prevail over the invalid provision.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 295 N.E.2d 626.