INDIANA FARMERS MUTUAL INSURANCE COMPANY, Appellant (Defendant Below),

v.

Melvin B. SPEER, Administrator of the Estate of Beverly Speer, Deceased and Donna Speer, Appellees (Plaintiff Below),

and

Indiana Insurance Company, Appellee (Defendant Below).

No. 1–380A56.

Court of Appeals of Indiana, First District.

July 14, 1980.

Rehearing Denied Aug. 13, 1980.

Bredell, Martin, McTurnan & Meyer, Robert L. Hartley, Jr. and C. Wendell Martin, Smith & Jones, John T. Hume, III, Indianapolis, for appellant.

James A. Fels, Wilson, Tabor & Holland, Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

This appeal involves the interpretation of language found in an insurance policy regarding persons covered by the uninsured

---

motorist provisions. Indiana Farmers Mutual Insurance Company (Indiana Farmers) has appealed the decision of the trial court, which granted a partial summary judgment in favor of Melvin Speer (Speer) and Donna Speer (Donna). In its conclusions of law, the trial court declared that the Indiana Farmers policy shall be deemed to include uninsured motorist protection in the amount of $15,000 per person and $30,000 per accident.

Indiana Farmers has alleged five separate errors on appeal. We opine that these alleged errors can be disposed of by determining whether Donna Speer and her mother Beverly Speer were persons insured under the Indiana Farmers policy, and if so, were they effectively excluded from coverage by the policy.

The underlying facts are generally not in dispute. Beverly Speer was the wife of Melvin Speer, and Donna was their daughter. On January 29, 1979, Beverly and Donna were driving in Leonard Speer's car when they were involved in an accident with a car driven by one Herbert Popp, who was alleged to be an uninsured motorist. Beverly was killed and Donna was injured in the accident. The vehicle in which they were driving was owned by Melvin and Beverly's son Leonard, who lived with them. The vehicle was not insured by the Indiana Farmers policy.

Melvin and Donna contend that Beverly and Donna were covered for this accident by the uninsured motorist provisions of the Indiana Farmers policy issued to Melvin Speer on another vehicle. Conversely, Indiana Farmers argues that the uninsured motorist statute does not require them to provide coverage in this situation to Donna and Beverly and that its policy, issued to Melvin, does not provide such coverage.

*Ind. Code* 27–7–5–1 (Burns Code Ed.) contains the uninsured motorist provision adopted by our legislature. In pertinent part, that section states:

Motor vehicle liability—Noninsured vehicle coverage—Rejection in writing—No automobile liability or motor vehicle liability policy or insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, chapter 159, sec. 14 [9–2–1–15], as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

Provided, That the name insured shall have the right to reject such coverage (in writing) and Provided further, That unless the named insured thereafter requests such coverage, in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage, in connection with a policy previously issued to him by the same insurer.

The legislative concerns and intentions with regard to the uninsured motorist provisions were aptly set forth first in *Indiana Insurance Co. v. Noble*, (1970) 148 Ind.App. 297, 265 N.E.2d 419. These intentions, as summarized in *Cannon v. American Underwriters, Inc.*, (1971) 150 Ind.App. 21, 24–25, 275 N.E.2d 567, 568–569, include:

Where the provisions of a policy regarding uninsured motorist coverage are more restrictive than the relevant statutory provisions requiring the same, the requirements of the statute will prevail. (citations omitted).

The legislative purpose in the enactment of statutes providing for uninsured motorist endorsement should be interpreted in the light that such endorsement is designed to protect the insured, and any operator of the insured's automobile with insured's consent, against any injury

caused by negligence of uninsured or unknown motorists. (citations omitted).

Purpose and object of uninsured motorist coverage must be considered in the statutory framework of minimum coverages required by law. (citations omitted).

Uninsured motorist legislation is remedial in nature and should be liberally construed. (citations omitted).

An attempt by the insurer to dilute or diminish uninsured motorist statute protection is contrary to public policy. (citations omitted).

An uninsured motorist endorsement that contravenes the requirement of the statute is, to that extent, invalid regardless of the insurance department's approval of it. (citations omitted).

See also State Farm Mutual Automobile Insurance Co. v. Robertson, (1973) 156 Ind. App. 149, 295 N.E.2d 626. It has also been determined by this court that the uninsured motorist coverage is for the protection of persons insured and not vehicles. Patton v. Safeco Insurance Co., (1971) 148 Ind.App. 548, 267 N.E.2d 859.

Mindful of these precepts, we now turn to the language of the policy in question. The named insured on the policy was Melvin Speer. Both Melvin and Beverly were listed as drivers of the vehicle, although Beverly was listed as only an occasional driver. The declaration page does not disclose that any premium was charged for uninsured motorist coverage.

Section A of the Indiana Farmers policy contains the Basic Automobile Liability Insurance. In that section, "Persons Insured" is defined to include:

(a) the name insured;

(b) any partner or executive officer thereof, but with respect to a temporary substitute automobile only while such automobile is being used in the business of the named insured;

(c) any other person while using an owned automobile or a temporary substitute automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be insured only if he is:

(1) a lessee or borrower of the automobile, or

(2) an employee of the named insured or of such lessee or borrower;

(d) any other person or organization but only with respect to his or its liability because of acts or omission of an insured under (a), (b), or (c) above.

(Original Emphasis).

Section C of the policy contains the Uninsured Motorist Insurance. Under those provisions, "Persons Insured" includes:

(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;

(b) any other person while occupying an insured highway vehicle; and

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.

(Original emphasis).

Section C also contains an exclusion, which reads in part:

Exclusions: This insurance does not apply:

. . . . .

(b) to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by . . . any relative resident in the same household as the named or designated insured . . . but this exclusion does not apply to the named insured or his relatives while occupying . . . a highway vehicle owned by a designated insured or his relatives; . . . . (Original emphasis).

Indiana Farmers urges us to determine that since Beverly and Donna were not named insureds nor designated insureds, and since they were not persons insured

under the liability portion of the policy, that the uninsured motorist protection does not inure to their benefit. In support of this position, Indiana Farmers directs our attention to *Vernon Fire & Casualty Ins. Co. v. American Underwriters, Inc.*, (1976) Ind.App., 356 N.E.2d 693, wherein Judge Lybrook, in commenting on the uninsured motorist statute determined:

> While the statute does not specifically define "insured" for the purposes of determining who is allowed to recover under the uninsured provision, it is our interpretation that the legislature intended persons insured under the liability policy to be those who would recover under the uninsured motorist coverage.

356 N.E.2d at 696.

This conclusion, that in order to be covered under the uninsured motorist section one must be insured under the liability provisions of the policy, is supported by two recent Michigan cases. These cases hold that in interpreting the language in the statute regarding "persons insured thereunder," the Michigan legislature was referring to persons insured under the liability coverage portion of the policy. *Pappas v. Central National Insurance Group of Omaha*, (1977) 400 Mich. 475, 255 N.W.2d 629; Cf. *Washington v. Travelers Insurance Co.*, (1979) 92 Mich.App. 151, 284 N.W.2d 754.

Melvin and Donna argue that since Donna and Beverly were persons insured under the uninsured motorist provisions of Indiana Farmers policy, that they should be covered for damages resulting from this accident. Speers also allege that the exclusionary clause contained in the uninsured motorist coverage is of no import and is invalid and void as against public policy. *See Vantine v. Aetna Casualty & Surety Co.*, (D.C.N.D.Ind.1971) 335 F.Supp. 1296; *Cannon v. American Underwriters, Inc., supra*; *Indiana Insurance Co. v. Noble, supra*; *State Farm Mutual Ins. Co. v. Robertson, supra*.

Although we acknowledge the validity of the rules set forth in the cases cited by Melvin and Donna, we do not believe they are controlling in this case. The reason for this belief is because in those cases, the person recovering was an insured under the policy, and therefore, the court was dealing with the effectiveness of an exclusionary clause. In the present case, we are one step earlier in time. The dispute here centers on whether Beverly and Donna were "persons insured." If they were, then these cases become helpful in determining the effect of the exclusionary clause. If they were not, these cases are of little consequence.

The threshold question of who is an insured has apparently not been squarely presented before in Indiana. Similarly, our research has not revealed many cases in other jurisdictions dealing with the question. In addition to the cases cited by Indiana Farmers on this point from Michigan, we have found cases in Alabama and Kansas that have interpreted language similar to that found in the Indiana statute.

Generally, the Alabama courts hold that in order to come within the uninsured motorist provisions, the insurer must be required to be legally liable for liabilities resulting from bodily injury under its policy. *United States Fidelity & Guaranty Co. v. Perry*, (1978) Ala.App., 361 So.2d 594; Cf. *State Farm Automobile Ins. Co. v. Reaves*, (1974) 292 Ala. 218, 292 So.2d 95. Kansas courts appear to take the opposite position. In interpreting their uninsured motorist statute, Kansas courts have held that an insured, as used in the statute, means insured as defined in the uninsured motorist coverage in the policy in question. *Forrester v. State Mutual Automobile Ins. Co.*, (1973) 213 Kan. 442, 517 P.2d 173.

■ Under Indiana Farmers policy, persons insured for liability coverage and those insured for uninsured motorist coverage are dissimilar. It is important to note, that the uninsured motorist coverage does not restrict the class of persons insured under the liability provisions. Such a contraction would be repugnant to the statute and void. As we read the provisions, the class of persons covered under the uninsured motorist provision is somewhat larger than those covered under the liability section. The question of which definition should prevail

is a close one. We believe the most reasonable interpretation of our uninsured motorist statute is one which results in coverage when the person is listed as a person insured under the liability portion of the policy.

We do not believe that this contravenes the precedent cited by Melvin and Donna. Once the person is deemed to be a person insured under the liability portion of the policy, subsequent attempts to exclude those persons from uninsured motorist coverage will be unsuccessful. Although we agree that the uninsured motorist provisions should be liberally construed in favor of the insured, see Capps v. Klebs, (1978) Ind.App., 382 N.E.2d 947, under the facts of this case, we believe that it would be a tortured strain of the statute to include Beverly and Donna as covered under the uninsured motorist clause of the Indiana Farmers policy.

Therefore, the decision of the trial court is reversed and remanded for proceedings not inconsistent with this opinion.

Judgment reversed.

NEAL and RATLIFF, JJ., concur.