**UNITED STATES FIDELITY &
GUARANTY COMPANY,
Defendant-Appellant,**

v.

**David DeFLUITER, Plaintiff-Appellee.**

**No. 3–483A96.**

Court of Appeals of Indiana,
Third District.

Nov. 21, 1983.

Rehearing Denied Jan. 10, 1984.

James A. Strain, James E. Mahoney, Barnes & Thornburg, Indianapolis, Richard E. Steinbronn, Barnes & Thornburg, Elkhart, for defendant-appellant.

Darrell J. Hiatt, Elkhart, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

The parties stipulated to the following set of facts. On May 16, 1976, David DeFluiter was involved in an accident with an uninsured motorist. The uninsured motorist's negligence was the sole cause of the accident. DeFluiter owned three automobiles which were insured by appellant, United States Fidelity & Guaranty Company, (U.S.F. & G.). However, the accident occurred while DeFluiter was operating a motorcycle which he owned but had not insured with U.S.F. & G.

DeFluiter submitted a personal injury claim to U.S.F. & G. based upon the uninsured motorist provision of the insurance policies covering his other vehicles. This claim was denied by U.S.F. & G. citing provision G of the policy. This clause provided that the uninsured motorist coverage did not apply to personal injury which occurred while operating an owned vehicle which was not insured under the policy.

DeFluiter informed U.S.F. & G. that such an exclusion was invalid pursuant to *State Farm Mutual v. Robertson,* (1973) 156 Ind. App. 149, 295 N.E.2d 626. After being notified of this fact, U.S.F. & G. agreed to stipulate coverage of the accident and enter into arbitration proceedings to determine the amount of damages to be awarded. Subsequently, DeFluiter was awarded $24,179.95 in compensatory damages.

DeFluiter then pursued a separate action for punitive damages against U.S.F. & G. Based upon the facts recited above the trial court awarded DeFluiter $1.6 million in punitive damages. U.S.F. & G. appeals this award.

U.S.F. & G. raises a plethora of issues which have been restated and renumbered:

(1) whether the trial court's award of punitive damages was contrary to law; and

(2) whether DeFluiter was barred from bringing an action for punitive damages by his election to enter into the

arbitration proceedings to decide the issue of compensatory damages.

This Court must first address an issue raised by DeFluiter. It is DeFluiter's contention that many of the errors alleged in U.S.F. & G.'s brief have been waived. According to DeFluiter these errors were raised for the first time in appellant's motion to correct errors and consequently are not preserved for review.

 It is true that in some instances a party's failure to allege specific errors and present such errors before the trial court prior to filing a motion to correct errors may result in a waiver of those errors. *J.I. Case Co. v. Sandefur,* (1964) 245 Ind. 213, 197 N.E.2d 519. However, this Court prefers to decide cases on their merits whenever possible. *Whitehouse v. Quinn,* (1982) Ind.App., 443 N.E.2d 332; *State, Dept. of Admin., Per. Div. v. Sightes,* (1981) Ind. App., 416 N.E.2d 445. In the case at bar each of the errors alleged and discussed in appellant's brief was set out in its motion to correct errors. Further, while not discussed in detail the legal concepts inherent in these alleged errors were brought to the trial court's attention in U.S.F. & G.'s memorandum of law and response to DeFluiter's brief which were filed prior to the trial court's determination. Thus, there has been sufficient presentation of these alleged errors in the case at bar to preserve them for review.

 U.S.F. & G. presents several arguments to support its contention the trial court's award of punitive damages is contrary to law. First, appellant argues the trial court's decision is contrary to public policy and has no deterrent effect. As one purpose of punitive damage awards is to give effect to public policy and deter similar future conduct, such damages should not be awarded if they do not effectuate such goals. *Vernon Fire & Cas. Ins. Co. et al. v. Sharp,* (1976) 264 Ind. 599, 349 N.E.2d 173.

U.S.F. & G. expends much effort arguing the exclusion contained in its insurance policy arose from a good faith dispute regarding the prior decisions holding such an exclusion invalid and should not serve as conduct supporting an award of punitive damages. Much is made of the fact that within Indiana this exclusion has been held invalid only by the United States District Court for the Northern District of Indiana and the First District of the Court of Appeals. To further cloud this issue the Legislature of this state recently amended the uninsured motorist statute to permit insurance companies to include in their policies the exclusion complained of in this case.[1]

DeFluiter counters this argument by contending that U.S.F. & G. must be punished severely for including in its insurance policies a provision struck down by this Court. According to DeFluiter the inclusion of such a provision has a chilling effect which discourages policyholders from pursuing valid claims under their insurance policies. It is DeFluiter's contention that U.S.F. & G. and all insurance companies should and would be deterred from pursuing such practices by awarding him punitive damages in the instant case.

DeFluiter's argument is seriously weakened by the Legislature's recent amendment of the statute central to this lawsuit. Since the provision complained of is valid pursuant to the amended statute, there is nothing to deter. Thus, it remains only to determine whether U.S.F. & G. should be penalized for challenging a valid decision of this Court.

 The provision at issue was held invalid by the First District of this Court in *State Farm Mutual v. Robertson, supra,* 156 Ind.App. 149, 295 N.E.2d 626, and by United

---

1. IND.CODE § 27–7–5–5(b) (effective September 1, 1982):

 "(b) When the coverage specified in this chapter is written to apply to one (1) or more motor vehicles under a single automobile liability policy, such coverage applies only to the operation of those motor vehicles for which a specific uninsured motorist premium charge has been made and does not apply to the operation of any motor vehicles insured under the policy or owned by the named insured for which a premium charge has not been made. As added by Acts 1982, P.L. 166, SEC. 4."

States District in *Vantine v. Aetna Casualty & Surety Company* (N.D.Ind.1971) 335 F.Supp. 1296. Both decisions rested largely upon the reasoning that such an exclusion in an insurance policy ran counter to public policy and defeated the purpose for which the uninsured motorist statute was enacted. The amendment of the statute casts serious doubt on the reasoning of these earlier cases. The Legislature through enactment of statutes defines public policy. *Bissell Carpet Sweeper Co. v. Shane Co., Inc.,* (1957) 237 Ind. 188, 143 N.E.2d 415. Further, the subsequent amendment of a statute is indicative of the Legislature's intent at the initial enactment of that statute. *Seymour Nat. Bank v. State,* (1981) Ind., 422 N.E.2d 1223. Thus, it appears the Legislature always intended that insurance companies be allowed to limit their uninsured motorist coverage in the matter at issue in the instant case. This being the case U.S.F. & G. should not be penalized for challenging a decision of this Court which was based upon a misinterpretation of public policy.

◼ Next, appellant contends DeFluiter is barred from bringing this action for punitive damages by his participation in the arbitration proceedings. Punitive damages may not be awarded through arbitration proceedings. Since arbitration arises out of a contractual relationship, punitives are unavailable because parties may not contract to benefit from or be penalized by punitive damages. Such an award is outside the jurisdiction of an arbitrator. *Sch. City of E. Chicago v. E. Chicago Fed.,* (1981) Ind. App., 422 N.E.2d 656. Thus DeFluiter could not have been awarded punitive damages in the arbitration proceedings.

◼ Appellant's claim that DeFluiter's election to enter into arbitration bars his subsequent action requiring that this Court review decisions discussing the doctrines of res judicata and collateral estoppel. When there has been a final adjudication of a matter, res judicata bars a subsequent suit if it involves the same issues and parties. *Gayheart v. Newnam,* (1979) 271 Ind. 422, 393 N.E.2d 163. The basic elements of res

judicata are: 1) the former judgment was rendered by a court of competent jurisdiction; 2) the matter now at issue was or might have been litigated in the prior proceeding; 3) the current and prior proceedings involve the same parties; and 4) the judgment in the former action was rendered on the merits. *Moxley v. Indiana Nat. Bank,* (1982) Ind.App., 443 N.E.2d 374; *Cox v. Indiana Subcontractors Ass'n, Inc.,* (1982) Ind.App., 441 N.E.2d 222.

Especially pertinent to the case at bar are decisions which hold that a prior arbitration proceeding which results in a final valid and binding judgment is res judicata to subsequent litigation of that matter. *Slavin v. Benson* (S.D.N.Y.1980) 493 F.Supp. 32; *Cooper v. Yellow Freight System, Inc.,* (1979) Mo.App., 589 S.W.2d 643; *Springs Cotton Mills v. Buster Boy Suit Co.,* (1949) 275 App.Div. 196, 88 N.Y.S.2d 295; *Cf.: Corral v. State Farm Mut. Auto. Ins. Co.,* (1979) 92 Cal.App.3d 1004, 155 Cal.Rptr. 342. Also of particular importance to the case at bar are the decisions which have held that a party will not be allowed to present claims for damages arising out of the same incident in piecemeal fashion in successive suits. *Roby v. Eggers,* (1891) 130 Ind. 415, 29 N.E. 365; *The City of North Vernon v. Voegler,* (1885) 103 Ind. 314, 2 N.E. 821; *Evansville American Legion, etc. v. White,* (1967) 141 Ind. App. 574, 230 N.E.2d 623.

◼ In the case at bar DeFluiter voluntarily agreed to enter into the arbitration proceeding. At this point DeFluiter could have initiated a claim for compensatory and punitive damages in a court of law. Both the arbitration proceeding and the case at bar involve the same parties and the same nexus of facts. The claim for damages in both actions arises out of the same conduct exercised by U.S.F. & G. The decision by the arbitrator was a valid, final, and binding judgment as to these parties.

By his election DeFluiter chose a forum in which punitive damages were not available to him. To allow DeFluiter to then proceed with the action at bar would be to allow the precise situation which res judicata and collateral estoppel were designed to

bar. A party such as DeFluiter may not subject another party to successive lawsuits involving the same matter when those issues could have been raised, litigated, and decided in one action. For the reasons stated above the decision of the trial court is reversed.

Reversed.

STATON, J., concurs.

GARRARD, J., concurs in result.