Sandy **THOMAS** and James Lee Thomas
by next friend Sandy Thomas,
Appellants–Plaintiffs,

v.

**VICTORIA FIRE & CASUALTY INSURANCE COMPANY,**
Appellee–Defendant,

Tracy A. **Koontz** and Sandra J. Simmons,
Non–Appellees–Defendants.

No. 46A05–9704–CV–145.

Court of Appeals of Indiana.

Feb. 22, 1999.

Thomas A. Clements, David M. Hamacher, Ruman, Clements, Tobin & Holub, P.C., Hammond, Indiana, Attorneys for Appellants.

Gregory A. Crisman, Eichhorn & Eichhorn, Hammond, Indiana, Attorney for Appellee.

## OPINION

RUCKER, Judge

When Victoria Fire & Casualty Insurance Company ("Victoria Insurance") refused a claim for uninsured motorist coverage submitted by Sandy and James Thomas ("the Thomases"), the Thomases sued Victoria Insurance, along with Sandra Simmons—owner of the Victoria Insurance automobile policy, and Tracy Koontz—the uninsured motorist. The Thomases' complaint against Victoria Insurance was based upon a bad faith denial of coverage and benefits. Victoria Insurance responded with an answer and counterclaim for declaratory judgment that was based on an exclusionary clause prohibiting benefits to any relative of the named insured. Thereafter Victoria Insurance filed a motion for summary judgment which the trial court granted. The Thomases now appeal raising four issues for our review which we consolidate into three and rephrase as follows: (1) does an insurance policy that excludes coverage to any relative of the named insured violate public policy, (2) were the Thomases entitled to uninsured motorist coverage, (3) may the Thomases pursue a claim against Victoria Insurance based upon a bad faith denial of coverage and benefits.

We affirm.

The undisputed facts show that Sandra Simmons and Sandy Thomas are relatives.[1] On July 24, 1995, Simmons was driving her car and Thomas, who was pregnant with her unborn child James Lee Thomas, was a passenger. Simmons' car was involved in a collision with a car driven by Tracy Koontz. Koontz had no insurance but Simmons carried a policy of automobile insurance with Victoria Insurance. The policy included uninsured motorist coverage. As a result of the collision James was born prematurely, and both Thomas and James suffered severe injuries. Sometime thereafter the Thomases

---

1. The record is not clear of the precise relationship between Simmons and Thomas. However both the Appellants and Appellee agree that the parties are related by blood or marriage. In any event the precise relationship has no bearing on the outcome of this appeal.

presented a claim for damages to Victoria Insurance which the company denied. The Thomases then sued Simmons and Koontz for damages claiming negligence in the operation of their respective automobiles. The Thomases also sued Victoria Insurance alleging bad faith in the denial of coverage and benefits. Victoria Insurance responded by, among other things, filing a counterclaim seeking a declaratory judgment that the exclusions in its policy of insurance with Simmons precluded recovery by the Thomases. The provision provided in relevant part:

EXCLUSIONS

Please read these exclusions carefully. If any exclusion applies, an INSURED will not have coverage for an ACCIDENT or LOSS.

Liability coverage and our duty to defend does not apply to:

1. BODILY INJURY to YOU, a RELATIVE, or any INSURED.

R. at 55. The term RELATIVE is defined to include:

a) any person living in YOUR household, or

b) *any person related to you by blood, marriage or adoption* . . . .

R. at 53 (emphasis added). Thereafter Victoria Insurance filed a motion for summary judgment. After conducting a hearing and taking the matter under advisement the trial court granted the motion. The Thomases now appeal.

When reviewing a grant or denial of summary judgment our well-settled standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Landmark Health Care Assocs., L.P. v. Bradbury,* 671 N.E.2d 113, 116 (Ind.1996). Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Blake v. Calumet Constr.*

*Corp.,* 674 N.E.2d 167, 169 (Ind.1996). Here the essential facts are not in dispute. Therefore, our task is to determine the law applicable to the undisputed facts and whether the trial court correctly applied the law. *Deadwiler v. Chicago Motor Club Ins. Co.,* 603 N.E.2d 1365, 1366 (Ind.Ct.App.1992), *trans. denied.*

■ The Thomases first argue the relative exclusion clause contained in the Victoria Insurance contract violates public policy implicit in the Financial Responsibility Act, Ind. Code § 9–25–1–1 *et seq.,* and the Uninsured Motorist Statute, Ind.Code § 27–7–5–2 *et seq.* Thus, according to the Thomases, the trial court erred in granting summary judgment to Victoria Insurance because the clause is void and unenforceable. A trial court's ruling on a motion for summary judgment reaches this court clothed with a presumption of correctness. *Indiana Republican State Comm. v. Slaymaker,* 614 N.E.2d 981, 983 (Ind.Ct.App.1993), *trans. denied.* When reviewing the trial court's ruling we will affirm on any theory supported by the Ind. Tri Rule 56 material properly presented to the trial court. *Crist v. K–Mart Corp.,* 653 N.E.2d 140, 142 (Ind.Ct.App.1995). In the case before us Victoria Insurance sought summary judgment on its claim for declaratory judgment because, according to Victoria Insurance, (a) the Thomases had no standing with respect to their claim for bad faith, and (b) the insurance contract between Victoria Insurance and Simmons provided neither liability coverage nor uninsured motorist coverage for the Thomases. The trial court examined the insurance policy and determined there was no genuine issue as to any material fact and that Victoria Insurance was entitled to judgment as a matter of law. Thus, without regard to whether the "relative" exclusion violates public policy, we must affirm the judgment of the trial court if it can be affirmed on any theory supported by the insurance policy and other evidence properly presented to the court.[2]

---

2. We note that this court as well as our supreme court has held that "household" exclusion clauses in insurance contracts do not violate the public policy of this state. *United Farm Bureau Mut. Ins. v. Steele,* 622 N.E.2d 557 (Ind.Ct.App.1993);

*Allstate Ins. Co. v. Boles,* 481 N.E.2d 1096 (Ind. 1985). However the Thomases correctly point out there is no Indiana case (and only one case from another jurisdiction) that has ever addressed the question of a "relative" exclusion.

Simmons' automobile policy with Victoria Insurance includes uninsured motorist protection. That section of the policy provides in relevant part:

> WE will pay for other than PUNITIVE or EXEMPLARY DAMAGES for BODILY INJURY, which an INSURED is legally entitled to recover from the owner or operator of an UNINSURED CAR. The BODILY INJURY must be caused by an ACCIDENT and arise out of the ownership, maintenance, or USE of the UNINSURED CAR.

R. at 48. Among other things "insured" is defined as "any person OCCUPYING YOUR INSURED CAR." R. at 47. The Thomases argue that because they were occupying Simmons' car they are insureds as the term is used in the uninsured motorist provision of the policy. As a result, the Thomases contend, they are entitled to benefits thereunder.

The facts before us are similar to those in *Indiana Farmers Mut. Ins. Co. v. Speer*, 407 N.E.2d 255 (Ind.Ct.App.1980).[3] In that case a mother was driving a car and her daughter was a passenger. The car was involved in a collision with an uninsured motorist. Mother was killed and daughter was severely injured. The liability section of the insurance policy at issue listed only the husband/father as the name insured. "Persons insured" under that section included the named insured and others that did not include the mother or daughter. However, the uninsured motorist section of the policy contained a definition of "persons insured" that included not only the husband/father as the named insured, but also the spouse and relatives of the named insured. Evaluating the differences in coverage under the two provisions this court stated:

> Under the Indiana Farmers policy, persons insured for liability coverage and those insured for uninsured motorist coverage are dissimilar.... As we read the provisions, the class of persons covered

under the uninsured motorist provision is somewhat larger than those covered under the liability section. The question of which definition should prevail is a close one. We believe the most reasonable interpretation of our uninsured motorist statute is one which results in coverage when the person is listed as a person insured under the liability portion of the policy.

*Id.* at 258–59. Because neither mother nor daughter were listed as persons insured under the liability section of the policy we concluded they were not entitled to uninsured motorist coverage. *Id.*

In the case before us the policy declaration page lists Sandra J. Simmons as the named insured and herself and David Thomas as drivers of the car. "Insured" under the liability section is defined as follows:

> a) YOU,
>
> b) YOUR spouse if living in YOUR household,
>
> c) a driver listed on the DECLARATION PAGE,
>
> d) anyone driving the INSURED CAR with permission from an INSURED.

R. at 53. As with *Speer* in this case the class of persons covered under the uninsured motorist provision is larger than the class of persons covered under the liability section of the policy. As *Speer* dictates whether the Thomases are entitled to uninsured motorist coverage depends upon whether they are "insureds" under the liability provision of the policy. Because they are not insureds under the liability section of the policy they are not entitled to uninsured motorist coverage. We disagree with the Thomases that the holding in *Speer* is limited to the statutory mandate concerning an insurance carrier's responsibility to make available uninsured and underinsured motorist coverage. *See* Ind.Code § 27–7–5–2. Cases decided after *Speer* have noted the interrelationship between uninsured motorist coverage and liability cover-

---

The Thomases forcefully and impressively argue that the relative exclusion clause is over broad and unreasonable, and does not fit within the principal justifications for the household exclusion. However we must reserve for another day an analysis of this issue.

3. The Thomases acknowledge *Speer* but criticize the opinion as "poorly decided" and quote a commentator who described the opinion as "almost inexplicable." Brief of Appellant at 36. Nonetheless *Speer* is still the law in this jurisdiction.

age. "The policy behind linking uninsured motorist coverage to liability coverage is to reward those who obtain insurance coverage for the benefit of those they might injure. Persons who are uninsured for purposes of liability coverage should not be protected by the public policy of this state from those of their own kind." *Anderson v. State Farm Mut. Auto. Ins. Co.,* 471 N.E.2d 1170, 1175 (Ind.Ct.App.1984); *See also Harden v. Monroe Guar. Ins. Co.,* 626 N.E.2d 814, 818 n. 4 (Ind.Ct.App.1993), *trans. denied.* We conclude the trial court did not err in granting summary judgment to Victoria Insurance on the question of whether Simmons' policy of insurance provided uninsured motorist coverage to the Thomases.

■ In its motion for summary judgment Victoria Insurance also alleged that the Thomases lacked standing to assert a claim of bad faith. Although not addressing this precise allegation the trial court granted the motion. On appeal the Thomases do not specifically argue the trial court erred in awarding summary judgment to Victoria Insurance on the bad faith claim. Rather the Thomases advance various grounds supporting their view that they do indeed have standing to pursue the claim. Regardless of whether the Thomases have standing, they still cannot prevail. At the heart of the Thomases' claim of bad faith in the denial of coverage and benefits is the proposition that they are insureds under the uninsured motorist provision of the policy. Thus, the argument continues, Victoria Insurance owes them a duty of good faith and fair dealing. As we have already held, the Thomases are not entitled to uninsured motorist coverage. Accordingly Victoria Insurance was under no obligation to offer the Thomases coverage or benefits under the uninsured motorist section of Simmons' insurance policy.

Judgment affirmed.

DARDEN, J., concurs.

GARRARD, J., concurs in part and dissents in part with opinion.

**GARRARD, Judge, concurring in part and dissenting in part**

As set forth by the majority, the suit before us was initiated by a passenger (Thomas) against the driver of the car in which she was riding (Simmons), the driver of the other car involved in the collision (Koontz), and the insurance company insuring the driver of the car in which she was riding.

Under the policy provisions as outlined by the majority I quite agree that the passenger (Thomas) has no claim for uninsured motorist coverage against the driver of her car. That is because as a relative she is excluded under the liability coverage provisions of the policy, just as her driver was. Moreover, while the exclusion for relatives may be unusual, it was what the parties contracted for. I see no public policy reason to set aside the contract.

On the other hand, if the driver of the other car (Koontz) was negligently responsible for the collision and the passengers' injuries, then Thomas would be entitled to recover under the uninsured motorist protection afforded by Simmons' policy because that policy afforded uninsured motorist protection to the "insured" which included "any person occupying your insured car."

I do not believe that *Indiana Farmers Mut. Ins. Co. v. Speer,* 407 N.E.2d 255 (Ind. Ct.App.1980) alters that result. The facts before the court in *Speer* were critically different because in that case the decedent wife's estate and injured daughter were attempting to recover under the uninsured motorist provisions of an insurance policy issued to the husband *on another vehicle,* a vehicle that was not insured by Indiana Farmers either principally or as an additional covered vehicle. In other words, had the policy in *Speer* covered the vehicle operated by the wife that was involved in the collision, I believe the result would have been different.

Finally, I would determine that any resolution of the good faith claim would have been prematurely determined by the materials before the court on summary judgment, although the facts ultimately developed may well establish non-liability on that theory. That is because, in my view, any liability of Victoria depends upon resolution of the comparative fault issue that as between Simmons and Koontz, Koontz is liable for the injuries resulting from the collision. In other words,

Victoria is liable, but only liable to the Thomases if and to the extent that Koontz may be found liable under comparative fault.

I concur in part and dissent in part.