**DUNELAND EMERGENCY PHY-SICIAN'S MEDICAL GROUP, P.C., Appellant–Plaintiff,**

v.

**Robert BRUNK, D.O., F.A.C.E.P., Appellee–Defendant.**

No. 64A05–9909–CV–407.

Court of Appeals of Indiana.

Feb. 21, 2000.

Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, Indiana, Attorney for Appellant.

Robert F. Peters, Lucas, Holcomb & Medrea, Merrillville, Indiana, Attorney for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Plaintiff–Appellant, Duneland Emergency Physician's. Medical Group, P.C. (Duneland), appeals the trial court's grant of partial summary judgment in favor the Defendant–Appellee, Robert Brunk, D.O., F.A.C.E.P. (Brunk).

We affirm.

## ISSUE

Duneland presents one issue on appeal, which we restate as follows: whether the trial court erred in granting Brunk's motion for partial summary judgment concluding that the non-compete clause of the parties' employment agreement was unenforceable.

## FACTS AND PROCEDURAL HISTORY

Brunk was employed by Duneland as an emergency room physician at St. Mary's Medical Center in Hobart, Lake County, Indiana. Brunk was employed by Duneland pursuant to the terms of an employment agreement between the parties. The employment agreement provided that if Brunk terminated the agreement he would not engage in the practice of emergency medicine or ambulatory care in Lake County or Porter County, Indiana for a period of twenty-four (24) months from the date of termination. If Brunk violated the aforementioned provision he agreed to pay as liquidated damages a sum equal to his earnings for a period of two (2) years of employment.

The employment agreement was terminated on or about December 1, 1997. Soon after, Brunk began working as an emergency room physician for Unity Physicians Group, Inc., at Porter Memorial Hospital in Valparaiso, Porter County, Indiana.

On April 18, 1998, Duneland filed its complaint against Brunk for breach of contract. Both parties subsequently filed motions for partial summary judgment with regard to the enforceability of the non-compete clause and the liquidated damages clause of the employment agreement. On May 19, 1999, the trial court entered an order granting Brunk's motion for partial summary judgment and finding that the non-compete clause of the contract was unenforceable. The trial court thus concluded that Duneland was not entitled to liquidated damages for breach of the non-compete clause.

This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

■ In reviewing a grant of summary judgment "our well-settled standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law." *Thomas v. Victoria Fire & Cas. Ins. Co.*, 706 N.E.2d 212, 214 (Ind.Ct.App. 1999), *trans. denied.* We consider the facts in the light most favorable to the nonmoving party in order to determine whether there are genuine issues of material fact concerning an essential element of a claim. *Foursquare Tabernacle Church of God in Christ v. Department of Metropolitan Development of Consolidated City of Indianapolis*, 630 N.E.2d 1381, 1384 (Ind.Ct.App.1994). Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Blake v. Calumet Constr. Corp.*, 674 N.E.2d 167, 169 (Ind.1996). However, "[d]espite conflicting facts and inferences on some elements of a claim, summary judgment may be proper when there is no dispute regarding facts that are dispositive of the litigation." *Flosenzier v. John Glenn Educ. Ass'n*, 656 N.E.2d 864, 867 (Ind.Ct.App.1995), *trans. denied.*

### Covenant Not to Compete and Liquidated Damages Clause

Duneland asserts that the trial court improperly granted Brunk's Motion for Partial Summary Judgment and erred in concluding that the non-compete clause and the liquidated damages clause in the parties' employment agreement are unenforceable as a matter of law.

■ "Covenants not to compete are agreements in restraint of trade, and as such, they are not favored by Indiana

courts and are to be narrowly construed." *Norlund v. Faust*, 675 N.E.2d 1142, 1153 (Ind.Ct.App.1997), *reh'g denied, trans. denied*. However, such covenants are enforceable if the restrictions are reasonable as to the parties and the general public. *Id.* Also, non-compete covenants which restrict medical services in a particular area are not void per se as against public policy. *Id.*

In determining the reasonableness of the restrictions set forth in a non-compete covenant, this court must look to: (a) whether the restrictions are wider than is necessary for the protection of the covenantee [Duneland] in some legitimate interest; (b) the effect of the promise upon the covenantor [Brunk]; and (c) the effect upon the public. *Medical Specialists, Inc. v. Sleweon*, 652 N.E.2d 517, 522 (Ind.Ct.App.1995). Specifically, we should consider the scope of the legitimate business interests of the employer and the geographic and temporal limits required by the covenant not to compete. *Norlund*, 675 N.E.2d at 1154. "The ultimate determination of whether a noncompetition covenant is reasonable is a question of law." *Raymundo v. Hammond Clinic Ass'n*, 449 N.E.2d 276, 280 (Ind.1983).

Here, the non-compete clause at issue restricted Brunk from practicing emergency medicine or ambulatory care in Lake and Porter Counties for a period of two years from the termination of the employment agreement. In reviewing this clause, the trial court determined that the geographical restriction was reasonable; however, it concluded that Duneland had failed to show that the non-compete clause involved a protectable business interest.

In deciding whether a non-compete clause concerns a protectable interest, we must consider whether the employer has a legitimate business interest he is trying to protect. *Norlund*, 675 N.E.2d at 1154.

An employer may not simply forbid his employee from subsequently operating a similar business.... There must be some reason why it would be unfair to allow the employee to compete with the former employer. The employee should only be enjoined if he has gained some advantage at the employer's expense which would not be available to the general public.

*Id.* Indiana courts have held covenants not to compete valid when they protect an employer's interest in trade secrets or other confidential information, and when they protect the good will generated between a customer and a business. *Id.* (citations omitted). "Elements of this good will included 'secret or confidential information,' such as the names and addresses and requirements of customers and the advantage acquired through representative contact with the trade in the area of their application." *Donahue v. Permacel Tape Corp.*, 234 Ind. 398, 410–411, 127 N.E.2d 235, 240 (1955). However, "an employee signing a restrictive covenant not to compete is entitled to utilize the general skills he has acquired in performing his job, and can only be prevented from doing so under circumstances where their use adverse to his employer would result in irreparable injury." *Slisz v. Munzenreider Corp.*, 411 N.E.2d 700, 704 (Ind.Ct.App.1980).

Based on the facts of this case, the trial court concluded that Duneland had failed to show a protectable business interest. The trial court found that Brunk was employed by Duneland and Duneland contracted with St. Mary's Hospital in Hobart, Indiana to provide staff for its emergency room. St. Mary's Hospital paid Duneland for its services and St. Mary's billed the patients. Thus, the patients were patients of St. Mary's Hospital and not of Duneland. Duneland's only customer was St. Mary's Hospital. The trial court further found that there was no evidence that the patients selected a hospital emergency room based on which physicians worked there. The trial court found this case distinguishable from situations in which a physician leaves a practice and attempts to

take patients with him or her in violation of a non-compete clause. Here, Brunk left Duneland's employ and began working for Unity Physicians Group, Inc., at Porter Memorial Hospital. There was no evidence that any emergency room patients of St. Mary's Hospital became emergency room patients of Porter Memorial Hospital because of Brunk's employment with Unity. Moreover, Duneland cannot assert that it has a protectable business interest in the patients of another entity, St. Mary's Hospital.

Duneland has not shown that it has a protectable interest in trade secrets or other confidential information. Further, Duneland has not shown an effect on its customer good will. More importantly, Brunk cannot be limited in utilizing his skills unless Duneland can show an irreparable injury. Duneland has shown no injury as a result of Brunk's termination and employment with Unity other than the typical expenses incurred when a departing employee has to be replaced. Thus, Duneland has made no showing that it had a protectable interest which would make the restrictions of the non-compete clause reasonable. Consequently, we agree with the trial court that Duneland has failed to show a protectable business interest and therefore the covenant not to compete in the employment agreement at issue is unenforceable.

Because of our conclusion that the covenant not to compete is unenforceable, we need not address whether the trial court correctly determined that the geographical restrictions of the covenant were reasonable. Furthermore, because the non-compete covenant is unenforceable, Duneland is not entitled to liquidated damages. Accordingly, it is also unnecessary to address whether the liquidated damages provision constituted a penalty and was therefore void.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly granted Brunk's Motion for Partial Summary Judgment.

Affirmed.

KIRSCH, J., and SHARPNACK, C.J., concur.