**Judy BOWEN, Appellant,**

v.

**MONROE GUARANTY INSURANCE COMPANY, Appellee.**

No. 30A01–0104–CV–156.

Court of Appeals of Indiana.

Nov. 27, 2001.

Maria Matters, L. Strodtman & Associates, Cumberland, Indiana, Attorney for Appellant.

Julia Blackwell Gelinas, David T. Kasper, Allison S. Avery, Locke Reynolds LLP, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Judy Bowen appeals from the trial court's order granting summary judgment in favor of Monroe Guaranty Insurance Company (Monroe). Ms. Bowen presents two issues for our review, which we consolidate and restate as whether the trial court erred in concluding, as a matter of law, that Ms. Bowen was not an "insured" under the insurance policy between Monroe and Perry's Excavating, Inc., and thus, was not entitled to uninsured/underinsured motorist coverage.

We reverse and remand.

The undisputed facts reveal that on January 13, 1995, Ms. Bowen sustained injuries after the truck in which she was a passenger collided with an uninsured vehicle. The truck in which Ms. Bowen was riding was owned by Perry's Excavating, Inc. and was insured under a Monroe insurance policy (Monroe policy). In 1997, Ms. Bowen filed a complaint for damages under the uninsured/underinsured motor-ist section of the Monroe policy asserting that she was covered because she was a passenger in a truck which was covered by the Monroe policy. Monroe filed a separate declaratory judgment action asking the trial court to declare that Ms. Bowen was not an insured under the Monroe policy. Monroe then filed for summary judgment in the declaratory judgment action requesting the trial court to determine as a matter of law that Ms. Bowen was not an insured as that term was defined in the liability section of the Monroe policy. Following a hearing on Monroe's summary judgment motion, the trial court issued an order on April 5, 2001, stating that Ms. Bowen was not an "insured" under the Monroe policy and thereby granted summary judgment in favor of Monroe. Ms. Bowen appeals this order.

When reviewing a grant or denial of summary judgment, we apply the same standard of review used by the trial court: summary judgment is only appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Blake v. Calumet Const. Corp.*, 674 N.E.2d 167, 169 (Ind.1996). Here, the essential facts are not in dispute, thus we need only determine the applicable law and then assess whether the trial court correctly applied the law to the undisputed facts. *Deadwiler v. Chicago Motor Club Ins. Co.*, 603 N.E.2d 1365, 1366 (Ind.Ct.App.1992), *trans. denied.*

Upon appeal, both parties, relying on *Thomas v. Victoria Fire & Cas. Ins. Co.*, 706 N.E.2d 212, 214 (Ind.Ct.App. 1999), *trans. denied,* assert that in order for Ms. Bowen to be covered by the uninsured/underinsured motorist provision of the Monroe policy, Ms. Bowen must be an insured as that term is defined in the

*liability* section of such policy.[1] Indeed, in their briefs, both parties' arguments focus solely upon whether Ms. Bowen, as a passenger, was "using" the truck, so as to be deemed an insured under the liability section of the Monroe policy. Notwithstanding the parties' arguments and that Ms. Bowen has not requested this court to reconsider *Thomas* as controlling precedent, we take this opportunity to address the propriety of this rule.

In *Thomas*, a woman and her unborn child were passengers in a car owned and driven by the named insured when it was involved in a collision with an uninsured motorist. The woman presented a claim for damages to the insurance company which insured the car in which she was riding. The insurance company denied the claim. The woman then sued the insurance company alleging bad faith in the denial of coverage and benefits, but the trial court found that exclusions under the liability section of the insurance policy precluded recovery and thereby granted the insurance company's motion for summary judgment. Upon appeal, the woman argued that the uninsured motorist provision of the insurance policy, which defined "insured" as "any person OCCUPYING YOUR INSURED CAR," extended coverage to her and her child because they were passengers in the car at the time of the accident. *Id.* at 215 (emphasis in original). The *Thomas* court noted that under the insurance policy, persons insured for liability coverage and those insured for uninsured motorist coverage were dissimilar. The court, purporting to follow *Indiana Farmers Mut. Ins. Co. v. Speer*, 407

N.E.2d 255 (Ind.Ct.App.1980), *trans. denied*, held that because the woman and her child were not "insureds" under the liability section of the policy,[2] as opposed to the uninsured motorist provision, they were not entitled to uninsured motorist coverage. *Thomas*, 706 N.E.2d at 215.

To interpret the holding of *Thomas*, we must look to *Speer*, the facts of which are quite complex and clearly distinguishable from *Thomas* and our set of facts. In *Speer*, a mother was driving her son's car, with her daughter as a passenger, when they were involved in a collision with an uninsured motorist. As a result of the accident, the mother was killed and the daughter was severely injured. The husband/father and daughter presented a claim under the uninsured motorist provision of the husband/father's insurance policy on *another* vehicle. The liability section of that insurance policy listed only the husband/father as the named insured and was held to not extend coverage to the mother or daughter. However, the uninsured motorist provision of that policy was interpreted to purportedly cover the husband/father as well as his spouse and relatives, i.e. the mother and her daughter.

The *Speer* court stated that the legislative purpose behind Indiana's uninsured motorist statute[3] is to protect the insured. The court then declared that where the class of persons covered under the uninsured motorist provision is larger than the class of persons covered under the liability section, "the most reasonable interpretation of our uninsured motorist statute is one which results in coverage when the person is listed as a person insured under

---

1. The liability section of the Monroe policy defines "insureds," in pertinent part, as "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow...." Appellee's Supp.App. at 2.

2. It was not disputed that the woman and her child were not "insureds" as that term was used in the liability section of the insurance policy.

3. *See* Ind.Code § 27–7–5–2 (Burns Code Ed. Repl.1999).

the liability portion of the policy." *Speer*, 407 N.E.2d at 259.[4] The court noted that where the provisions in an insurance policy were more restrictive than the statute setting forth the requirements of such, the statute controls. *Id.* at 256. The court then held that *"under the facts of this case, . . .* it would be a tortured strain of the statute to include [the mother and daughter] as covered under the uninsured motorist clause of the [husband/father's insurance policy]." *Id.* at 259 (emphasis supplied).

As noted, the court in *Speer* was faced with a rather unique set of factual circumstances, such that we limit its holding, as the *Speer* court apparently did, to the facts of that case as those facts were viewed by the court. Thus, we decline to follow *Speer* and its progeny[5] to the extent that we hold that the parties may contract for broader uninsured motorist coverage. *See Spencer v. Bridgewater*, 757 N.E.2d 208, 211 n. 1 (Ind.Ct.App.2001) (disagreeing with *Thomas* and the cases upon which it relied "to the extent that the parties may well contract for broader coverage"); *Thomas*, 706 N.E.2d at 216 (Garrard, J., dissenting) (stating that because the facts of *Speer* were so "critically different" from those in *Thomas*, *Speer* was not control-

ling, and that the court should have interpreted the contract according to its terms).

Additionally, we observe that the policy provisions in *Speer* were decidedly different from the policy provisions in *Thomas*. As noted supra in footnote 4, in *Speer*, the liability coverage extended to "an owned" automobile while the uninsured provision was restricted to an "insured" vehicle. 407 N.E.2d at 257. Dissimilarly, in *Thomas*, the liability provision covered "anyone driving the INSURED CAR . . ." and the uninsured motorist provision likewise covered "any person occupying your IN-SURED CAR." 706 N.E.2d at 215 (emphases in original). Accordingly, it was not surprising that the *Thomas* court viewed the liability provision to be more restrictive and that the Thomases were not covered because neither of them were driving the vehicle. Be that as it may, our holding is not dependent upon a critique of the policy provision analyses of *Speer* and *Thomas*. Rather, as hereinafter discussed, it is based upon our disagreement with those decisions restricting uninsured motorist coverage to that provided under the liability provision of a particular policy.

Here, Ms. Bowen filed a claim under the Monroe policy, which by its very terms extended uninsured motorist coverage to "[a]nyone else 'occupying' a covered

---

**4.** We would observe that a persuasive argument may be made that the *Speer* court erred in construing the uninsured motorist provision as less restrictive than the liability coverage provision. The liability provision covered "any other person using an *owned* automobile. . . ." 407 N.E.2d at 257 (emphasis supplied). This arguably covers any automobile owned by the named insured, not merely the particular vehicle covered the policy in question. On the other hand, the uninsured motorist provision covered "any other person while occupying an *insured* highway vehicle. . . ." *Id.* (emphasis supplied). Reading the two provisions together, it appears that because the husband/father owned not only

the vehicle covered by the policy in question, but also owned, along with his son, the vehicle being used by the mother and daughter, the latter would fall within the liability coverage. However, because the vehicle being occupied was not an "insured" vehicle within the policy in question, they would not fall within the uninsured motorist coverage of that policy.

**5.** *See Thomas*, 706 N.E.2d at 215; *Harden v. Monroe Guar. Ins. Co.*, 626 N.E.2d 814 (Ind. Ct.App.1993), *trans. denied*; *Connell v. Am. Underwriters, Inc.*, 453 N.E.2d 1028 (Ind.Ct. App.1983), *trans. denied*.

'auto.'"[6] Appellant's App. at 37. Moreover, the parties do not dispute that Ms. Bowen was "occupying" a covered "auto." Given the plain language used in the Monroe policy, we hold that it would be a tortured strain to conclude that Ms. Bowen was not covered by the uninsured motorist provision of the policy.

Our decision is guided by the general rules of contract interpretation. In interpreting an insurance contract, we apply the rules of interpretation applicable to other contracts. *Jones v. Western Reserve Group/Lightning Rod Mut. Ins. Co.*, 699 N.E.2d 711, 714 (Ind.Ct.App.1998), *trans. denied.* Where the policy language is clear and unambiguous, we must give the words their plain and ordinary meaning. *Id.* Moreover, we must interpret the language of a contract "so as not to render any words, phrases, or terms ineffective or meaningless." *Bicknell Minerals, Inc. v. Tilly*, 570 N.E.2d 1307, 1316 (Ind.Ct.App. 1991), *trans. denied.* We may not rewrite an insurance contract. *Baxter v. I.S.T.A. Ins. Trust*, 749 N.E.2d 47, 51 (Ind.Ct.App. 2001).

If we were to blindly follow *Speer*, we would be forced to look only to the liability section of the Monroe policy.[7] To do so, however, would ignore the plain meaning of the language used by Monroe in the uninsured motorist section of their policy and would effectively rewrite the contract between Monroe and Perry's Excavating, Inc. Additionally, if we were to abide by the rule set forth in *Speer*, we would render that portion defining "insureds" for purposes of uninsured motorist coverage under the Monroe policy completely ineffective and meaningless. If Monroe wished to limit coverage to those insured under the liability section of its policy, it could have explicitly done so in the contract.[8]

Therefore, we decline to adopt the decision in *Thomas* as controlling or persuasive and we conclude that the Monroe policy unambiguously extends uninsured/underinsured motorist coverage to Ms. Bowen, because she was "occupying" a covered auto. The trial court erred in concluding, as a matter of law, that Ms. Bowen was not an "insured" under the Monroe policy.

We reverse and remand for proceedings not inconsistent with this opinion.

MATTINGLY–MAY, J., and BARNES, J., concur.

---

6. The class of persons insured under the uninsured motorist section of the Monroe policy is broader than the class of persons under the liability section of the policy.

7. We need not decide whether Ms. Bowen, as a passenger, was "using" a covered auto so as to fall within the definition of "insureds" under the liability section of the policy. *But see Spencer v. Bridgewater*, 757 N.E.2d 208, 211 n. 1 (Ind.Ct.App.2001) (stating that a passenger was "using" an automobile in accordance with the liability provisions of an insurance policy).

8. Monroe broadened coverage under the uninsured motorist section of its policy by expressly defining "insureds" as a class of persons different than that covered by the liability section of its policy.