PHILLIPS–KLEIN COMPANIES,
INC., Plaintiff,

v.

The TIFFANY PARTNERSHIP,
et al., Defendants,

Medici Construction Management,
Inc., et al., Respondents,

MWF Mortgage Corporation,
et al., Appellants.

No. C8–91–257.

Court of Appeals of Minnesota.

Aug. 13, 1991.

Kenneth R. Hall, Severson, Wilcox & Sheldon, P.A., Apple Valley, for respondents.

Curtis D. Smith, Moss & Barnett, Minneapolis, for appellants.

Considered and decided by RANDALL, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

The trial court granted summary judgment for respondents Medici Construction Management, Inc., (Medici), Centrum Coordinators, Inc, (Centrum), and Sutphen Studio, Inc., (Sutphen), establishing the validity, enforceability, and amount of respondents' mechanics' liens. Appellants MWF Mortgage Corporation (MWF) and Midwest Federal Savings & Loan of Minneapolis (Midwest) challenge the summary judgment, alleging the trial court lacked jurisdiction to grant such relief, material issues of fact exist which preclude summary judgment, and Centrum does not have a lienable claim.

## FACTS

Tiffany Partnership, a Minnesota general partnership, bought the property located at 10700 County Road 15 in Plymouth, Minnesota, and began a building project (Tiffany Building Project site). Tiffany Partnership gave a mortgage to MWF which was recorded. Later, MWF assigned the mortgage to Midwest. Tiffany Partnership defaulted on the loan and the mortgage was foreclosed.

Subsequently, several parties, including respondents, filed mechanics' liens against the Tiffany Building Project site. Phillips-Klein Companies (PKI), one of the lien claimants, initiated this action against appellants and the other lien claimants to determine the priority of its lien.

The trial court bifurcated the priority issue from all other issues. It held that PKI's mechanics' lien had priority over appellants' mortgage and granted summary judgment in favor of PKI. On appeal, this court affirmed the trial court's decision. *Phillips–Klein Co. v. Tiffany Partnership*, No. C4–89–904, 1989 WL 148223 (Minn.App. Dec. 12, 1989).

Subsequently, attorneys for the lien claimants moved for attorney fees. The trial court granted the motion and this court affirmed the decision. *Phillips–Klein Co. v. Tiffany Partnership*, No. C4–90–990, 1990 WL 157495 (Minn.App. Oct. 23, 1990).

While the appeal regarding attorney fees was pending, respondents filed motions for summary judgment. The trial court granted summary judgment and determined the amount of the mechanics' liens. Appellants challenge summary judgment in this appeal.

## ISSUES

1. Did the trial court have jurisdiction to decide respondents' summary judgment motions regarding the mechanics' liens after appellants had perfected an appeal concerning attorney fees?

2. Did the trial court err in granting summary judgment in favor of respondents because material fact issues exist?

3. Did the trial court err in ruling that the services provided by respondent Centrum are lienable?

4. Did appellants act in bad faith in bringing this appeal and are respondents entitled to recover their attorney fees, costs and disbursements incurred in defending this appeal?

5. Did appellants improperly include in their argument and briefs material which was not part of the record, requiring this court to grant respondents motion to strike?

## ANALYSIS

Summary judgment is appropriate where no issue of material fact exists and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. On appeal, this court views the evidence most favorably to the party against whom the motion was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982).

### I.

■ Appellants argue the trial court lacked jurisdiction to decide respondents' summary judgment motions while an appeal of attorney fees was pending.

When a bond is filed as provided by Rule 108.01, it shall stay all further proceedings in the trial court upon the judgment or order appealed from or the matter embraced in it; *but the trial court may proceed upon any other matter included in the action and not affected by the judgment or order from which the appeal is taken.*

Minn.R.Civ.App.P. 108.03 (emphasis added). The trial court held that under rule 108.03 it retained jurisdiction to hear the summary judgment motions even though an appeal was pending concerning attorney fees.

The trial court's jurisdiction is suspended only as to matters involved in the appeal, but not as to matters independent of or supplemental to the appeal. *Spaeth v. City of Plymouth*, 344 N.W.2d 815, 824 (Minn.1984). In *Spaeth*, the trial court entered a judgment on the merits and held that Spaeth was entitled to costs and expenses but did not determine the amount. While an appeal was pending, the trial court ordered a specific amount for attorney and experts' fees. The Minnesota Supreme Court ruled that a claim for attorney fees does not involve reconsideration of the merits and held that attorney fees may be decided by the trial court while an appeal is pending on the merits. *Id.*

The issue of attorney fees is collateral to a decision on the merits. *See Welsh v. City of Orono*, 355 N.W.2d 117, 124 (Minn.1984). Therefore, the trial court retained jurisdiction to decide the summary judgment motions on the validity, enforceability and amount of the mechanics' liens while an appeal of attorney fees was pending.

### II.

■ Appellants argue that even if the trial court had jurisdiction to decide the summary judgment motions, it erred in granting summary judgment. Appellants allege material fact issues exist regarding the meaning of the "Partial Waiver of Lien and Release of Rights" documents signed by respondents. Appellants also claim material fact issues exist regarding the validity and amount of the mechanics' liens. Respondents claim they have presented a *prima facie* case establishing their lien claims through affidavits of Leslie E. Formell, the president of each respondent, and appellants failed to introduce any evidence to rebut the affidavits.

The waiver documents provide in part:

In consideration of the amounts and sums received, and in order to induce the making of one or more mortgage loans on said premises and the issuance of mortgagee's or owner's policies of title insurance on said premises, the under-

signed does hereby waive and release to the Owner and Mortgagee any and all liens or rights to liens upon said premises, or upon improvements now thereon, or upon the monies or other considerations due as of the date of the aforesaid application or invoice from the Owner or General Contractor or from any other person, firm or corporation, said liens or rights to liens being on account of labor, services, materials, fixtures or apparatus heretofore furnished or which may be furnished by or at the request of the undersigned.

Formell signed nine waivers on behalf of Medici; four waivers on behalf of Sutphen; and ten waivers on behalf of Centrum.

Appellants argue the waiver documents constitute a complete waiver of lien rights. The trial court determined the waivers constitute partial lien waivers which were executed in return for partial payment. This determination is supported by the fact that there were several waivers signed on behalf of each respondent. If the waivers constitute a complete waiver of all future mechanics' liens, only one waiver per respondent would have been needed. The trial court found respondents are not making claims for amounts covered by the partial lien waivers. We conclude the waivers are partial waivers and do not preclude respondents from making claims for amounts not covered. Appellants have not shown a material issue of fact exists with regard to the meaning and intent of the waivers.

■■■ Appellants also claim there are material fact issues regarding the amount of the mechanics' liens. In support of the amount claimed, respondents submitted affidavits of Formell which state the number of hours employees allegedly worked, each employee's regular hourly rate, plus reimbursable expenses. Appellants argue respondents did not provide documentary support, such as time records, to verify the time claimed. Attached to Formell's affidavits are invoices which show the total amount billed.

To successfully oppose a summary judgment motion, the nonmoving party cannot rely upon mere general statements of fact but rather must demonstrate at the time the motion is made that specific facts are in existence which create a genuine issue for trial. *Thiele v. Stich,* 425 N.W.2d 580, 583 (Minn.1988); Minn.R.Civ.P. 56.05. Conclusionary allegations to a right to trial are insufficient to deny summary judgment.

The record does not contain any evidence that appellants rebutted the information contained in Formell's affidavits. Appellants claim there are material issues of fact but they have provided no affidavits, depositions, or other documents controverting respondents' affidavits. Appellants have not met their burden of showing that there is an issue of material fact. We conclude the trial court did not err in granting summary judgment in favor of respondents.

### III.

■■■ Appellants argue the services Centrum provided are not lienable. According to Formell's affidavit, the services Centrum provided included locating and obtaining financing for the project, obtaining the necessary zoning variances, and coordinating leasing arrangements. Appellants claim these services do not constitute an "improvement" for which a mechanics' lien can be filed. The trial court found Centrum's services added to the improvement of the property in the construction of the office building and are improvements covered by the lien statute.

Minn.Stat. § 514.01 (1990) provides:

Whoever * * * contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery for any of the purposes hereinafter stated * * * shall have a lien upon the improvement, and upon the land on which it is situated or to which it may be removed, that is to say, for the erection, alteration, repair, or removal of any * * * structure thereon, or for grading, filling in, or excavating the same, or for clearing, grubbing, or first breaking, or for furnishing and placing soil or sod, or for furnishing and planting of trees, shrubs, or plant materials, or for labor performed in placing soil or sod, or for

digging or repairing any ditch, drain, well, fountain, cistern, reservoir, or vault thereon, or for laying, altering or repairing any sidewalk, curb, gutter, paving, sewer, pipe, or conduit.

The Minnesota Supreme Court has found that an "improvement" is any permanent addition to or betterment of real property that increases its capital value and that involves the expenditure of labor or money and is designed to increase the usefulness or value of the property. *Kloster–Madsen, Inc. v. Tafi's, Inc.*, 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975).

The Minnesota Supreme Court has held that certain architectural services are lienable under Minn.Stat. § 514.01. In *Korsunsky Krank Erickson Architects, Inc. v. Walsh*, 370 N.W.2d 29, 33 (Minn.1985), the court held that the architects were entitled to a lien where they provided substantial architectural services related to development of the property, including work for approval of a zoning change, a preliminary plat, and site plans.

Here, Centrum obtained financing, zoning variances, and coordinated leasing arrangements. None of these services is an "improvement" under Minn.Stat. § 514.01. Centrum is not entitled to a mechanic's lien against the Tiffany Building Project site.

## IV.

■ Respondents argue appellants' acted in bad faith in bringing three separate appeals in this action, and they are entitled to recover costs and attorney fees. We find appellants did not act in bad faith. Because the trial court entered final judgment after each order at respondents' request, separate appeals were necessary. *See* Minn.R.App.Civ.P. 104.01 (a party must appeal a judgment within 90 days of entry of judgment if the trial court makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment). Respondents have not shown appellants acted in bad faith and their request for costs and attorney fees is denied.

## V.

■ Respondents moved to strike appellants' arguments and appendix regarding the "Partial Waiver of Lien and Release of Rights" documents. Respondents claim these documents were not received into evidence at the trial court and are not part of the record on appeal. The law is clear that matters not received into evidence at the trial court may not be considered on appeal. *Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 583 (Minn. 1977).

It is undisputed appellants showed these documents to and left them with the trial court at the summary judgment motion hearing. Respondents argue the documents were not offered as evidence and were not marked as exhibits. Although the record reflects that the documents were not marked as exhibits, the trial court refers to them in its memorandum and clearly took them into consideration in deciding the validity and enforceability of respondents' mechanics' liens. Although the documents were not formally introduced into evidence and marked, they were before the trial court. Therefore, the documents are properly before this court and respondents' motion to strike is denied.

## DECISION

We conclude the trial court did not err in granting summary judgment in favor of respondents Medici and Sutphen. However, we conclude the trial court erred in granting summary judgment in favor of respondent Centrum. The trial court had jurisdiction to decide respondents' summary judgment motions. Further, no issue of material fact exists to preclude summary judgment, the services provided by Centrum are not lienable, and respondents have not shown that appellants acted in bad faith. The documents respondents asked to be stricken are properly before this court.

Affirmed in part, reversed in part.