Norma Jean **MICKELSON**, Appellant,

v.

**TRAVELERS INSURANCE COMPANY,**
Respondent.

No. C3–92–1195.

Court of Appeals of Minnesota.

Nov. 10, 1992.

Sharon L. Van Dyck, Max H. Hacker, Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, for appellant.

Michael R. Peterson, Illgen, Peterson & Ness, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

PARKER, Judge.

In this appeal from summary judgment, Norma Jean Mickelson argues her Honda C70 is not a motorcycle within the meaning of Minn.Stat. § 65B.43, subd. 13 (1990), and therefore the trial court erred by granting summary judgment to respondent Travelers Insurance Company and denying her underinsured motorist benefits. We affirm.

## FACTS

In 1991, appellant Norma Jean Mickelson was injured in a collision while driving her Honda C70 in St. Paul, Minnesota.

Evidence indicated the Honda C70 was a two-wheel vehicle capable of traveling at 45 mph. The C70 has a maximum horsepower of 5.0 BHP (brake horse power) @ 7,000 rpm. It was equipped with a headlight, turn signals, mirrors, a seat equipped for two passengers, and front and rear brakes. Travelers' expert witness, engineer David Daubert, submitted an affidavit describing the difference between engine horsepower and brake horsepower. He explained:

> The terms engine horsepower and brake horsepower are different. Engine horsepower is measured at the output shaft of the engine. Brake horsepower is measured at the rear axle. In between, a certain amount of horsepower, normally around 20 percent, is lost through friction, the transmission, clutch, and drive train. Engine horsepower is always greater than brake horsepower. * * *

The 5 BHP in the Honda [C70] manual has to be greater than five engine horsepower.

Mickelson had licensed the C70 as a motorcycle, and she had a motorcycle endorsement on her driver's license. In addition, she had obtained "cycle" insurance from Dairyland Insurance Co. The owner's manual, which Mickelson received at the time of purchase, refers throughout to the Honda C70 as a motorcycle.

At the time of the accident, Mickelson's Honda C70 was insured with Dairyland Insurance Co. The policy provided liability coverage but did not provide underinsured motorist (UIM) coverage. Mickelson also owned a Ford station wagon. This vehicle was insured by Travelers and included $300,000 in UIM coverage. The Travelers policy, however, contained the following exclusionary clause:

> We do not provide coverage under this endorsement for "bodily injury" sustained by any person:
>
> 1. While "occupying" any motor vehicle including a motorcycle, which is owned by that person and which is not insured for this coverage under this policy.

Mickelson claimed her damages from the accident exceeded the $30,000 liability limit of the at-fault driver's policy. Consequently, she filed a claim for UIM benefits with Travelers. Travelers denied the claim, maintaining that it fell within a valid exclusion to the policy because Mickelson was operating a motorcycle at the time of the accident.

Mickelson then filed a complaint seeking a declaratory judgment that she is entitled to receive UIM benefits from Travelers. Cross-motions for summary judgment were brought. For purposes of the motions, it was agreed that damages suffered by Mickelson exceeded $30,000. The trial court granted Travelers' summary judgment motion.

## ISSUE

Is Mickelson's Honda C70 a motorcycle within the meaning of Minn.Stat. § 65B.43, subd. 13 (1990), and therefore properly ex-

cluded from UIM coverage under her Travelers insurance policy?

## DISCUSSION

Summary judgment will be affirmed on appeal if there is no genuine issue of material fact and the trial court did not err in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The evidence must be viewed in a light most favorable to the nonmoving party. *Clough v. Ertz*, 442 N.W.2d 798, 801 (Minn.App. 1989).

■ In *Roering v. Grinnell Mut. Reinsurance Co.*, 444 N.W.2d 829 (Minn.1989), the Minnesota Supreme Court addressed a case with a fact situation almost identical to this. In *Roering*, the appellant's child was killed when his motorcycle collided with a car. The motorcycle was insured for liability, but the policy did not provide UIM coverage. Appellant had a different policy with Grinnell Insurance Co. which covered two other vehicles and also provided UIM coverage. Appellant sought to collect benefits under the Grinnell policy for his son's death.

The insurer argued that Minn.Stat. § 65B.49, subd. 3a(7) (1988), precluded appellant from recovering the Grinnell UIM benefits. *Roering*, 444 N.W.2d at 830–31. In relevant part, Minn.Stat. § 65B.49, subd. 3a(7), provided:

> The uninsured and underinsured motorist coverages required by this subdivision do not apply to bodily injury of the insured while occupying a motor vehicle owned by the insured, unless the occupied vehicle is an insured motor vehicle.

Because the decedent's motorcycle carried the mandatory coverage required by law, the supreme court concluded it was an "insured motor vehicle" for purposes of subdivision 3a(7). *Roering*, 444 N.W.2d at 831. Therefore, the court held Minn.Stat. § 65B.49, subd. 3a(7), did not preclude the appellant from recovering UIM benefits under the Grinell policy. *Id.* at 831–32.

In 1990, the year after the *Roering* decision, the legislature amended Minn.Stat. § 65B.49, subd. 3a, to provide:

(8) The uninsured and underinsured motorist coverages required by this subdivision do not apply to bodily injury of the insured while occupying a motorcycle owned by the insured.

■ Mickelson concedes this amendment overrules *Roering* with respect to accidents on owned motorcycles. She argues, however, her Honda C70 is a "motor scooter" and not a motorcycle. Mickelson maintains the amendment does not apply to "motor scooters" and therefore the *Roering* decision controls the disposition of her case. We disagree.

Minn.Stat. § 65B.43, subd. 13 (1990), defines "motorcycle" as

a self-propelled vehicle designed to travel on fewer than four wheels *which has an engine rated at greater than five horsepower*, and includes \* \* \* a motorized bicycle as defined in section 169.01, subdivision 4a.

(Emphasis added.)

Minn.Stat. § 169.01, subd. 4a (1990), provides:

"Motorized bicycle" means a bicycle that is propelled by a motor of a piston displacement capacity of 50 cubic centimeters or less, and a maximum of two brake horsepower, which is capable of a maximum speed of not more than 30 miles per hour on a flat surface with not more than one percent grade in any direction when the motor is engaged.

Mickelson contends the statute requires the vehicle to have an engine rated at *greater than* five horsepower. Because her Honda C70 has a *maximum* of five braking horsepower, she claims the C70 fails to meet the statutory definition of a motorcycle. We find Mickelson's contention unconvincing.[1]

Daubert explained that engine horsepower is measured at the engine's output shaft and brake horsepower is measured at the rear axle. Because of friction, the transmission, clutch and drive train, roughly 20 percent of horsepower is lost when measuring brake horsepower as compared to engine horsepower. Daubert's affidavit, in which he concludes the C70's five-brake-horsepower engine exceeds a five-horsepower engine, is uncontroverted.

■ There is nothing in the record indicating the Honda C70 does not meet the statutory definition of a motorcycle. Mickelson offers no evidence to refute Daubert's conclusion that a five-brake-horsepower engine exceeds a five-horsepower engine. To oppose a summary judgment motion successfully, a nonmoving party cannot rely on mere general statements of fact or conclusory allegations as to right to trial, but must demonstrate, at the time the motion is made, specific facts exist which create genuine issues. *Phillips–Klein Cos. v. Tiffany Partnership*, 474 N.W.2d 370, 373 (Minn.App.1991). Mickelson failed to produce any evidence creating a genuine issue of material fact. We therefore conclude summary judgment was appropriate. *See* Minn.R.Civ.P. 56.03.

## DECISION

Affirmed.

---

**1.** We note, however, an apparent anomaly in the statutory scheme. It appears that a vehicle with engine horsepower rated at five or less but brake horsepower greater than two would not be considered a motorcycle, while a vehicle with *two or less* brake horsepower *would* be deemed a motorcycle. This is a problem of legislative concern.