**Michelle VENESS, Appellant–Plaintiff,**

v.

**MIDLAND RISK INSURANCE COMPANY, Appellee–Defendant.**

No. 71A04–9907–CV–313.

Court of Appeals of Indiana.

July 17, 2000.

Edmond W. Foley, Foley & Small, South Bend, Indiana, Attorney for Appellant.

Jeffrey A. Doty, Kightlinger & Gray, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Michelle Veness brought this action against Midland Risk Insurance Company ("Midland") seeking to recover damages under the underinsured motorist coverage provision of her policy with Midland for bodily injuries she suffered during an accident. She now appeals from a trial court order granting summary judgment in favor of Midland.

We reverse and remand.

### ISSUE

Whether the trial court erred in granting summary judgment in favor of Midland.

### STATEMENT OF FACTS

The following facts are undisputed. On May 27, 1997, Veness was a passenger on a motorcycle being driven by Ricky Snyder in St. Joseph County. Snyder lost control of the motorcycle, and Veness was injured after being thrown from it.

On the date of the accident, Veness was insured by an automobile policy issued by Midland. The policy contained the following underinsured motorist (UIM) coverage endorsement:

> **WE** will pay for other than **PUNITIVE** or **EXEMPLARY DAMAGES** for **BODILY INJURY**, which an **INSURED** is legally entitled to recover from the owner or operator of an **UNDERINSURED CAR**. The **BODILY INJURY** must be caused by an **ACCIDENT** and arise out of the ownership, maintenance, or **USE** of the **UNDERINSURED CAR**.

(R. 16). The endorsement defines "underinsured car" as "a motor vehicle which is insured by a liability bond or policy at the time of the **ACCIDENT** which provides **BODILY INJURY** liability limits less than the limit of liability as shown in **YOUR DECLARATION PAGE**." (R. 16).

The endorsement also included the following exclusion to the UM/UIM coverage provisions: "**BODILY INJURY** coverage does not apply to an **INSURED . . . OCCUPYING** a motorcycle. . . ." (R. 17)(emphasis in original).

Snyder's insurer paid the limits on Snyder's policy in the amount of $25,000 to Veness. Veness then submitted a claim for UIM coverage with Midland. Midland denied Veness' UIM claim, maintaining that the accident fell within a valid exclusion provision of the policy because Veness was a passenger on a motorcycle at the time of the accident.

Veness then filed this action, seeking UIM coverage under the policy. Midland moved for summary judgment based on the motorcycle exclusion provision. Veness filed her response and a cross-motion for summary judgment, asserting in part that the exclusion in the policy violated Indiana law. The trial court granted Midland's summary judgment motion.

## DECISION

When reviewing a grant of summary judgment, our well-settled standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Thomas v. Victoria Fire & Cas. Ins. Co.*, 706 N.E.2d 212, 214 (Ind.Ct.App. 1999), *trans. denied.* Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* Here the essential facts are not in dispute. Therefore, our task is simply to determine the law applicable to the undisputed facts and whether the trial court correctly applied the law. *Id.*

For purposes of this appeal, both parties agree that the plain and unambiguous language of Midland's policy excludes UIM coverage to an insured for bodily injury arising from an insured occupying a motorcycle. Because the undisputed facts reveal that Veness' injuries resulted from an accident in which she was a passenger on a motorcycle, it is clear that the language in the motorcycle exclusion applies and excludes coverage.

Nevertheless, Veness claims that this exclusion violates Indiana's Uninsured/Underinsured Motorist Coverage Statute ("UM/UIM Statute"), Ind.Code § 27-7-5-2 *et. seq.*, and therefore, is contrary to the public policy of Indiana. Specifically, Veness contends that the UM/UIM Statute requires coverage for bodily injury arising out of the use of motorcycles and that the motorcycle exclusion contained in the policy is therefore void. Thus, according to Veness, the trial court erred by denying her summary judgment motion and granting Midland's motion for the same.

Generally, an insurer has the right to limit its coverage of risks and its liability, and in so doing may impose exceptions, conditions, and exclusions upon its contractual obligations which are not inconsistent with public policy. *See American Family Life Assurance Co. v. Russell*, 700 N.E.2d 1174, 1177 (Ind.Ct.App. 1998), *trans. denied.* Where a contract actually contravenes a statute, the court's responsibility is to declare the contract void. *Continental Basketball Ass'n, Inc. v. Ellenstein Enterprises, Inc.*, 669 N.E.2d 134, 140 (Ind.1996). But crucial to that determination is deciding whether a contract actually contravenes the statute. *Id.* Because we value the freedom to contract so highly, we will not find that a contract contravenes a statute unless the language of the implicated statute is clear and unambiguous that the legislature intended that the courts not be available for either party to enforce a bargain made in violation thereof. *Id.*

UIM coverage is mandated by I.C. § 27-7-5-2, which provides in pertinent part as follows:

(a) The insurer shall make available, in each automobile liability or *motor vehicle liability policy of insurance* . . . insuring against loss resulting from liabili-

ty imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property to others *arising from the ownership, maintenance, or use of a motor vehicle,* or in a supplement to such a policy, the following types of coverage:

(1) in limits for bodily injury or death and for injury to or destruction of property not less than those set forth in IC 9–25–4–5 under policy provisions approved by the commissioner of insurance, *for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles* because of bodily injury, sickness or disease, including death, and for the protection of persons insured under the policy who are legally entitled to recover from damages from owners or operators of uninsured motor vehicles for injury to or destruction of property resulting therefrom; or

(2) in limits for bodily injury or death not less than those set forth in IC 9–25–4–5 under policy provisions approved by the commissioner of insurance, *for the protection of persons insured under the policy provisions who are legally entitled to recover damages from owners or operators of uninsured or underinsured vehicles* because of bodily injury, sickness or disease, including death resulting therefrom.

The uninsured and underinsured motorist coverage must be provided by insurers for either a single premium or for separate premiums, in limits at least equal to the limits of liability specified in the bodily injury provisions of an insured's policy, unless such coverages have been rejected in writing by the insured.... Uninsured motorist coverage or underinsured motorist coverage may be offered by an insurer in an amount exceeding the limits of liability specified in the bodily injury and property damage liability provisions of the insured's policy. (emphasis added).

The purpose of UIM coverage is "to provide individuals indemnification in the event negligent motorists are not adequately insured for damages that result from motor vehicle accidents." *United Nat'l Ins. Co. v. DePrizio,* 705 N.E.2d 455, 459 (Ind.1999) (citing Alan I. Widiss, *Uninsured & Underinsured Motorist Coverage* (2 nd ed. Vol. 3, § 32.1, 1995)). Together with uninsured motorist (UM) coverage, UIM coverage serves to promote the recovery of damages for innocent victims of accidents with uninsured or underinsured motorists. *Id.*

*DePrizio* points out that the UM/ UIM Statute is a "mandatory coverage, full-recovery, remedial statute." *Id.* at 460. It "is directed at insurers operating within Indiana and its provisions are to be 'considered a part of every automobile liability policy the same as if written therein.'" *Id.* Thus, even where a given policy fails to provide such UM/UIM coverage, the insured is entitled to its benefits unless expressly waived in the manner provided by law. *Id.* Stated differently, the statute sets the minimum standard of protection which the legislature deemed acceptable, and any clause, exception, or exclusion which attempts to subvert or narrow the intent of the legislature will not be approved by this court. *See Vernon Fire & Cas. Ins. Co. v. American Underwriters, Inc.,* 171 Ind.App. 309, 356 N.E.2d 693, 696 (1976); *see also Scalf v. Globe American Cas. Co.,* 442 N.E.2d 8, 10 (Ind.Ct.App. 1982)("any limiting language in the insurance contract which has the effect of providing less protection than that made obligatory by the above statute [now I.C. § 27–7–5–2] would be contrary to the public policy, and of no force and effect").

In the present case, we must determine whether the language in the motorcycle exclusion clause at issue is void and unenforceable as violating public policy by attempting to limit the statutorily mandated coverage of the UM/UIM coverage statute.

To make this determination, we must necessarily examine the language of the statute.

As noted above, I.C. § 27–7–5–2 requires insurers, in each motor vehicle liability policy, to provide underinsured motorist coverage "for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of ... *underinsured motor vehicles* because of bodily injury ..." *Id.* (emphasis added); *see also DePrizio*, 705 N.E.2d at 458. The term "motor vehicle" is not defined in Title 27 of the Indiana Code governing insurance. However, the term is defined in Title 9 governing motor vehicles. Ind. Code § 9–13–2–105(a) generally defines "motor vehicle" as "a vehicle that is self-propelled." Although this statute provides exceptions to this general definition of "motor vehicle," it does not list motorcycles as one. *See* Ind.Code § 9–13–2–105(b–d). Further, Ind.Code § 9–13–2–108 defines "motorcycle" as a *"motor vehicle* with motive power having a seat or saddle for the use of the rider and designed to travel on not more than three (3) wheels in contact with the ground." (emphasis added). Indiana case law also supports the conclusion that a "motorcycle" is indeed a "motor vehicle." *See Miller v. Todd*, 551 N.E.2d 1139, 1142 (Ind.1990)("for transportation purposes, a motorcycle is as much a motor vehicle as an automobile"); *State Farm Mut. Auto. Ins. Co. v. Green*, 474 N.E.2d 1037, 1038 (Ind.Ct.App.1985)("we do not believe any reasonable person could honestly conclude that a motorcycle is not a "land motor vehicle" within the plain, ordinary meaning of that term. A motorcycle is obviously a vehicle, equipped with a motor and meant to be driven on land."). Finally, Webster's Ninth New Collegiate Dictionary, p. 775 (1989) defines "motorcycle" as "a 2–wheeled automotive vehicle having one or two saddles and sometimes a sidecar with a third supporting wheel." This same dictionary defines "automotive" as "1: of, relating to, or

concerned with self-propelled vehicles or machines 2: SELF–PROPELLED." *Id.* at 118.

■ Based on the foregoing, we conclude that a motorcycle is indeed a motor vehicle, for purposes of I.C. § 27–7–5–2. Therefore, I.C. § 27–7–5–2 mandates that insurers, in each motor vehicle liability policy issued in Indiana, provide UIM coverage for persons insured under the policy that are legally entitled to recover damages from owners and operators of underinsured motorcycles. This conclusion is consistent with the results reached by courts in other jurisdictions with similar UM/UIM statutes. *See, e.g., Horsely v. United Ohio Ins. Co.*, 58 Ohio St.3d 44, 567 N.E.2d 1004 (1991); *Peachtree Casualty Ins. Co., Inc. v. Sharpton*, 2000 WL 127186 (Ala. Feb.4, 2000).

■ Nevertheless, Midland asserts that whether or not a motorcycle constitutes a "motor vehicle" under the statute is inconsequential because the statute does not require a single policy to apply to any and all motor vehicles. In support of this argument, Midland first cites Ind.Code § 27–7–5–5(b), which provides:

When the coverage specified in this chapter is written to apply to one (1) or more motor vehicles under a single automobile liability policy, such coverage applies only to the operation of those motor vehicles for which a specific uninsured or underinsured motorist premium charge has been made and does not apply to the operation of any motor vehicles insured under the policy or owned by the named insured for which a premium charge has not been made.

This statutory provision expressly permits an exclusion from UIM coverage for the operation of a motor vehicle insured under the policy or owned by the named insured for which a premium charge has not been made. However, we find nothing in this provision that would suggest that our legislature intended to authorize the motorcycle exclusion at issue. Further, this statu-

tory provision has no application to the present case as the motorcycle on which Veness was injured was neither a motor vehicle insured under the Midland policy or owned by Veness, the named insured. For the same reason, I.C. § 27–7–5–5(b) does not authorize an insurer to exclude UM/UIM coverage for certain "types of vehicles" as suggested by Midland. As noted by Veness, UIM coverage follows the person, not the type of vehicle. *See Harden v. Monroe Guar. Ins. Co.*, 626 N.E.2d 814, 818 (Ind.Ct.App.1993).[1]

Midland also cites *IDS Property Cas. Ins. Co. v. Kalberer*, 661 N.E.2d 881 (Ind. Ct.App.1996) as being dispositive as to whether the motorcycle exclusion clause violates public policy. However, *Kalberer* did not address whether a motorcycle exclusion clause to UIM coverage violates public policy. The Kalberers brought an action against their insurer to recover UIM motorist expenses and medical expense benefits for the injuries their son sustained in a collision with an underinsured motorist while riding a moped owned by Mr. Kalberer but not insured under the Kalberers' policy. On appeal, we stated that in enacting I.C. § 27–7–5–5(b), the "legislature intended that insurance companies be allowed to limit their [UIM] coverage to vehicles insured under the policy when the vehicle is an owned one." *Id.* at 885 (citation omitted). We noted that enactment of I.C. § 27–7–5–5(b) indicates that the legislature concurred with the reasoning of Insurance Law and Practice:

Most policies limit the basic UM coverage to the vehicle upon which it was purchased, except as to the carryover effect when operating, or riding in, a nonowned vehicle. It is scarcely the purpose of any insurer to write a single UM coverage upon one of a number of vehicles owned by an insured, or by others in the household, and extend the benefits of such coverage gratis upon all other vehicles – any more than it would write liability, collision, or comprehensive coverages upon one such vehicle and indemnify for such losses as to any other vehicle involved. Nor would any reasonable person so expect. It would be actuarially unsound.

*Id.* at 884–85 (quoting John Alan Appleman & Jean Appleman, 8C *Insurance Law and Practice* § 5078.15 at 179 (1981)). Because the moped was owned by Mr. Kalberer but not insured under the policy, we concluded that UIM coverage under the statute did not apply. *Id.*

Midland further argues that UM/UIM coverage may be limited by the insurer to the same extent as limitations contained in the liability coverage, citing *Harden, supra.*, and *Vernon Fire & Casualty Ins. Co., supra.* However, neither the UIM statute nor these cases provide that UM/UIM coverage may be limited to the same extent as limitations contained in the liability section of the policy. To the contrary, *Harden* and *Vernon Fire & Casualty Ins. Co.* merely state that the legislature intended only those persons insured under the lia-

1. Midland, citing *Peterson v. Universal Fire & Casualty Ins. Co.*, 572 N.E.2d 1309, 1311 (Ind.Ct.App.1991), similarly argues that "[t]he conclusion that a motorcycle constitutes a 'motor vehicle' within the meaning of the statute ... does not automatically mandate applicability of underinsured motorist coverage" because "the statute does not require uninsured/underinsured motorist coverage to apply to all *types* of vehicles." Appellee's Brief, p. 7 (emphasis in original). However, *Peterson* does not stand for the proposition that an insurer can exclude UM/UIM coverage for certain "types of vehicles." To the contrary, *Peterson* stated that the UIM statute requires insurers to make available UM and UIM coverage for policies that insure motor vehicles registered or principally garaged in Indiana. 572 N.E.2d at 1312. *Peterson* also stated that the statute "is not violated unless an insurance policy specifically limits [UM] protection as to persons who would otherwise qualify as insured for liability purposes." *Id. Peterson* held that the plaintiff, an officer of a used car dealership that was the named insured under a garage insurance policy, was not an insured under the policy, and that the UM statute did not mandate UM coverage. *Id.*

bility portion of the policy should be entitled to UM/UIM coverage. In the present case, it is undisputed that Veness is an insured under the liability provision of her policy; therefore, she is entitled to UM/UIM coverage. However, she would not be an insured for liability purposes if she was driving a motorcycle.

Midland has not cited, nor have we found, any statutory provision in the UIM Statute limiting or excluding underinsured motorcycles from the mandated coverage or authorizing such a limitation or exclusion. Had the legislature intended to exclude motorcycles from the coverage under the statute, it could have expressly done so, as other jurisdictions have done by statute. *See Mickelson v. Travelers Ins. Co.*, 491 N.W.2d 303 (Minn.App.1992)(holding that a two-wheeled vehicle was a "motorcycle" within the statutory definition, so that the statutorily required UM/UIM coverages did not apply); *Eurick v. Pemco Ins. Co.*, 108 Wash.2d 338, 738 P.2d 251 (1987)(holding that policy containing motorcycle exclusion clause did not violate policy of statute governing UIM coverage where the legislature permitted insurers to exclude from their underinsured policies losses by persons "operating or occupying a motorcycle."); *Allstate Indemnity Co. v. Gonzales*, 902 P.2d 953 (Colo.App.1995) (holding policy's exclusion of motorcycles from UIM coverage statute did not violate public policy as set forth in UM statute, which excludes coverage for "vehicles with less than four wheels.").

Because the legislature has not excluded motorcycles from the coverage mandated under the UIM statute, Midland cannot avoid providing such UIM coverage to its insureds by simply excluding from UIM coverage bodily injuries suffered by insureds occupying motorcycles. *See Harden*, 626 N.E.2d at 819 ("Language in an insurance policy which limits or diminishes the protection required by the uninsured motorist statute is contrary to public policy."). We therefore conclude that Midland's UIM exclusion clause violates public policy. Accordingly, the order of summary judgment in favor of Midland is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

MATTINGLY, J., and BROOK, J., concur.