Joseph BALAGTAS[1] and, Federated Mutual Insurance Co., Appellants–Defendants,

v.

Harry Joe BISHOP, Appellee–Plaintiff.

No. 79A02–0903–CV–239.

Court of Appeals of Indiana.

Aug. 4, 2009.

Transfer Denied Oct. 29, 2009.

---

**1.** Joseph Balagtas is not seeking relief on appeal and has not filed a brief as an appellant. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

Karl G. Popowics, Beth A. Schenberg, Goodin Abernathy, LLP, Indianapolis, IN, Attorneys for Appellant.

Michael J. Stapleton, Elizabeth B. Searle, Ball Eggleston PC, Lafayette, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Federated Mutual Insurance Co. ("Federated") appeals from the trial court's order denying its motion for summary judgment and granting summary judgment in favor of Harry Joe Bishop ("Bishop") in his claim for underinsured motorist coverage. Federated presents the following restated issue for our review: whether the trial court erred in its interpretation of Indiana Code section 27–7–5–2 as requiring a named insured's election or rejection of uninsured or underinsured motorist ("UM/UIM") coverage to apply to all insureds.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Bishop was employed by Eagle Motorcycles, Inc. ("Eagle"), and as part of his employment was provided a demo motorcycle to operate for both business and personal use. All service, maintenance, and full coverage insurance on the motorcycle were provided by Eagle. On September 8, 2006, Bishop was driving the demo motorcycle and was involved in a collision with a vehicle operated by Joseph Balagtas. Balagtas was attempting to make a turn onto U.S. Highway 52 when he failed to yield the right-of-way to Bishop. At the time of the collision Bishop was operating the motorcycle for his personal use and with Eagle's permission. As a result of the collision Bishop sustained multiple personal injuries including multiple fractures in his left foot, a left fibula fracture, a spinal compression fracture at L1 and T12, a right wrist injury, multiple contusions and abrasions, soft tissue neck injuries, and a permanent nerve injury resulting in a neurogenic bladder.

Balagtas owned the motor vehicle involved in the collision and insured it with a policy written by Indiana Insurance Company with liability limits of $ 100,000 per person. Because Bishop's damages exceeded Balagtas's policy limits he sought payment under the UIM coverage of Eagle's insurance policy. Eagle had several policies with Federated including the garage policy at issue which contains UM/UIM coverage of $500,000. Federated and Bishop disagreed about Bishop's claim of coverage under Eagle's policy.

Federated's policy defined an "insured" as:

3. Who Is An Insured

a. The following are "insured" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow. . . .

*Appellant's App.* at 129. Federated also provided Eagle with a UM/UIM endorsement entitled "Indiana Underinsured Motorists Coverage." *Id.* at 43. The endorsement provided in pertinent part as follows:

A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". . . .

B. Who Is An Insured

If the Named Insured is designated in the Declaration as: . . . .

2. A partnership, limited liability company, corporation, or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto."

*Id.* at 43–44.

On April 1, 2003, Kathe Bell, the employee who handles Eagle's insurance-related matters, signed Federated's Indiana Commercial Auto Coverage Option Form. On that form Bell, on behalf of Eagle, elected limits on UM/UIM coverage for bodily injury in the amount of $500,000 for "directors, officers, partners or owners of the named insured and family members who qualify as insureds." *Id.* at 113. Under the limit options for any other person who qualified as an insured, a box was checked indicating that Eagle "hereby re-ject[ed] Uninsured Motorists Insurance and Underinsured Motorist Insurance for this group of persons only." *Id.* The endorsement stated as follows:

> For any other persons qualifying as "insureds" under the WHO IS INSURED provision of the applicable coverage, the limit shown below shall apply per "accident". If no limit is shown below, no coverage is afforded to any other person.
>
> NOT COVERED [UM]
>
> *NOT COVERED [UIM]* This limit of insurance is for each "accident" and is the most we will pay for all damages resulting from any one "accident" or "loss" unless otherwise stated in the Uninsured and Underinsured Motorists Coverage attached to this policy.

*Id.* at 164. Bishop concedes that he was not a director, officer, partner, or owner of Eagle at the time of the accident.

Bishop filed a complaint against Balagtas and Federated. Federated and Bishop each filed motions for summary judgment, and the trial court set the matter for a hearing. The trial court issued its order denying Federated's motion for summary judgment and granting Bishop's motion for summary judgment.[2] The parties mediated the matter prior to the scheduled jury trial, but did not reach a settlement. The parties subsequently agreed that the issue of coverage was a barrier to settlement and filed a stipulation for entry of judgment which was entered by the trial court. Federated now appeals.

## DISCUSSION AND DECISION

### Standard of Review

In broad terms, this appeal involves the question of whether Eagle could

---

**2.** We commend the trial court for the clarity of its entry, which greatly facilitated appellate review.

elect limits for UM/UIM coverage for some insureds and decline or reject any UM/UIM coverage for other insureds. "Proper interpretation of an insurance policy, even if it is ambiguous, generally presents a question of law that is appropriate for summary judgment." *Liberty Ins. Corp. v. Ferguson Steel Co.*, 812 N.E.2d 228, 230 (Ind.Ct.App.2004).

Our standard of review for summary judgment is the same as is used in the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Bd. of Sch. Comm'rs of City of Indianapolis v. Pettigrew*, 851 N.E.2d 326, 330 (Ind.Ct. App.2006). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Pettigrew*, 851 N.E.2d at 330. Review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* This standard of review does not change when there are cross-motions for summary judgment. *Liberty Mut. Fire Ins. Co. v. Beatty*, 870 N.E.2d 546, 549 (Ind.Ct.App.2007). "The reviewing court must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Id.* Questions of law are reviewed under a *de novo* standard. *Id.*

## I.  Federated's Failure to Provide UM/UIM Coverage

■ For the first time on appeal, Federated contends that Indiana Code section 27–7–5–2 is not applicable to the kind of commercial vehicle policy issued in this case, and, therefore, the trial court erred in finding that Federated violated the terms of that section. Specifically, Federated argues that, because pursuant to Indiana Code section 27–7–5–1.5 Federated was not required to provide UM/UIM

coverage to Eagle, Federated could not have violated Indiana Code section 27–7–5–2 by failing to provide such coverage. Bishop argues that Federated has waived review of this issue because it was not previously raised. Federated contends that it is proper for this court to consider this argument because the larger issue involves the availability of UM/UIM coverage and both sections fall within the chapter of the Indiana Code involving UM/UIM coverage.

Indiana Code section 27–7–5–2 provides that an insurer is required to make available in its motor vehicle liability policies UM and UIM coverage in limits at least equal to a policy's bodily injury limits of liability, and the UIM coverage must be made available in limits of not less than $50,000. Furthermore, insurers may not sell or provide UIM coverage in an amount less than $50,000. Indiana Code section 27–7–5–1.5(b), on the other hand, provides that an insurer is not required to make available UM/UIM coverage in connection with the issuance of a commercial vehicle policy. Federated argues that because it was not required to offer the coverage to Eagle, it should not be found in violation of Indiana Code section 27–7–5–2.

The apparent conflict of these two statutes regarding the applicability of the commercial vehicle policy exception to statutory UM/UIM coverage requirements is of no moment here because Federated in fact offered UM/UIM coverage to Eagle. In *American States Insurance Co. v. Braden*, 625 N.E.2d 1252, 1258 (Ind.Ct.App.1993), a panel of this Court held that "although American States was not required to offer coverage, it did, and it cannot now argue that the policy denied ... coverage." We held that although not required to comply with the statute, the intent of the insurance policy issued by American States was to comply with the provisions of the stat-

ute, and we looked to the language of the policy as evidence of that intent. *Id.*

Here, the document entitled "Indiana Commercial Auto Coverage Option Form Uninsured Motorists Insurance Including Underinsured Motorists Insurance" contains a section that reads as follows:

> State law requires that Uninsured/Underinsured Motorist insurance must be provided in all policies of Automobile Liability Insurance for limits equal to the policy's Bodily Injury Liability Limit. Lower limits may be purchased, but not less than the State Financial Responsibility Limit.
>
> You also have a right to elect Property Damage insurance, applicable to *Uninsured* Motorist coverage only, at full coverage or with a $300 deductible, or, you may *reject* all UM/UIM coverage.

*Appellant's App.* at 113 (emphasis in original). As evidenced by the above language, we hold that Federated intended to comply with Indiana Code section 27–7–5–2, and the trial court correctly considered the issue of Federated's compliance with the statute. *See Braden,* 625 N.E.2d at 1258.

## II. Rejection of UM/UIM Coverage

■ Federated argues that UM/UIM coverage is not available to Bishop under the unambiguous language of the policy and its endorsements, and by Eagle's explicit rejection of UM/UIM coverage for employees such as Bishop. In contrast, Bishop argues that as an insured he is entitled to UM/UIM coverage because there was no valid written rejection of that coverage, and because Federated's election form is illegal and against public policy.

Indiana Code section 27–7–5–2(b) provides as follows:

> Any named insured of an automobile or motor vehicle liability policy has the right, on behalf of all other named insureds and all other insureds, in writing, to:
>
> (1) reject both the uninsured motorist coverage and the underinsured motorist coverage provided for in this section; or
>
> (2) reject either the uninsured motorist coverage alone or the underinsured motorist coverage alone, if the insurer provides the coverage not rejected separately from the coverage rejected.

Bell, a named insured and officer of Eagle, signed a form electing limits on UM/UIM coverage for bodily injury in the amount of $500,000 for "directors, officers, partners or owners of the named insured and family members who qualify as insureds" and rejected UM/UIM coverage for "any other person who qualifies as an insured." *Appellant's App.* at 113.

Federated argues that UM/UIM coverage through Eagle's policy is not available to Bishop because UM/UIM coverage was only available to Eagle's directors, officers, partners, owners, and their family members. Bishop concedes that he was not a member of that group at the time of the accident. Federated argues that, by the plain language of the policy, Bishop is not covered. Bishop asserts that he was an insured entitled to coverage because at the time of the accident he was operating a motorcycle owned by Eagle and provided to Bishop for his business and personal use. The insurance coverage, service, and maintenance were provided by Eagle as part of Bishop's employment. The issue turns on the validity of the rejection of UM/UIM coverage for any other person qualifying as an insured.

Federated contends that under Indiana law, an insurer has the right to limit its coverage of risks and liabilities and may impose exceptions, conditions, and exclusions upon its contractual obligations so

long as the contract does not contravene a statute. Federated argues that its waiver form complies with the coverage statute and that an insured can accept coverage for some while rejecting coverage for others. Federated claims that, previously, this court has impliedly approved of partial rejection of coverage.

■ "Generally, an insurer has the right to limit its coverage of risks and its liability, and in so doing may impose exceptions, conditions, and exclusions upon its contractual obligations that are not inconsistent with public policy." (*Am. Family Ins. Co. v. Federated Mut. Ins. Co.*, 775 N.E.2d 1198, 1206 (Ind.Ct.App.2002)). "A contract will be declared void when it actually contravenes a statute." *Id.*

■■ As previously mentioned, Indiana Code section 27–7–5–2 provides that an insurer is required to make available in its motor vehicle liability policies UM and UIM coverage in limits at least equal to a policy's bodily injury limits of liability, and the UIM coverage must be made available in limits of not less than $50,000. Insurers can only avoid providing the coverage by obtaining a written rejection from their insured. *Beatty*, 870 N.E.2d at 549. "Even where the policy fails to provide such uninsured motorist coverage, the insured is entitled to its benefits unless expressly waived in the manner provided by law." *Ind. Ins. Co. v. Noble*, 148 Ind.App. 297, 306, 265 N.E.2d 419, 425 (1970). Furthermore, "[w]here the provisions of a policy regarding uninsured motorist coverage are more restrictive than the relevant statutory provisions requiring the same, the requirements of the statute will prevail." *Id.* Because Indiana's UM/UIM coverage statute is remedial in nature, its provisions are liberally interpreted in favor of the insured. *State Farm Fire & Cas. Co. v. Garrett,* 783 N.E.2d 329, 333 (Ind.Ct.App. 2003).

■ Here, under Indiana Code section 27–7–5–2(b) the insured may reject on behalf of all named insureds and other insureds: (1) either the UM or UIM coverage provided; or (2) both the UM and UIM coverage. The statute does not state that the named insured may reject coverage for some but not all of the named insureds or other insureds. We hold that the election or rejection of coverage must apply to all insureds.

In *American Family Mutual Ins. Co. v. Federated Mutual Insurance Co.,* 775 N.E.2d 1198, 1206 (Ind.Ct.App.2002) ("*American Family I*"), we held that statutory, public policy, contract, and evidentiary grounds required Federated to supply UM coverage. We found that because Federated did not obtain a written rejection of coverage, it was required to provide the UM coverage mandated by Indiana Code section 27–7–5–2. We also held in *American Family I* that Federated's policy "diluted statutory protections" because it reduced UM coverage for some insureds to zero dollars, well below the statutory minimum which must meet or exceed the limits of liability in the bodily injury liability provision of the policy. *Id.* at 1207. Furthermore, a portion of the contract was void on public policy grounds. *Id.* at 1206.

In *American Family Mutual Insurance Co. v. Federated Mutual Insurance Co.,* 800 N.E.2d 1015, 1022 (Ind.Ct.App.2004) ("*American Family II*"), we held that Federated was precluded from presenting evidence that the named insured had elected to reject UM coverage for other insureds because the matter had been previously decided in *American Family I.* We noted that although Federated's failure to present the insured's written rejection of coverage below arguably defeated the evidentiary ground for our decision to require Federated to provide UM coverage, there

were several remaining valid grounds to support that conclusion. *Id.* at 1021. Those grounds are applicable to the present case as well.

Indiana Code section 27–7–5–2 is a mandatory coverage, full-recovery, remedial statute. *See Veness v. Midland Risk Ins. Co.*, 732 N.E.2d 209, 212 (Ind.Ct.App. 2000). Insurers operating in Indiana are required to set minimum standards of protection that the legislature has deemed acceptable. *Id.* We will not approve any clause, exception, or exclusion that attempts to subvert or narrow the intent of the legislature. *Id.* Any language in an insurance policy that dilutes statutory protections is contrary to public policy. *Braden*, 625 N.E.2d at 1258.

The UM/UIM coverage option form at issue is a limitation of coverage or risk and liability. Here, specifically, we address Federated's attempt to limit UIM coverage. Where a contract contravenes a statute, it is our responsibility to declare the contract void. *Veness*, 732 N.E.2d at 211. Respecting, as we do, the freedom to contract, we will not find that a contract contravenes a statute unless the language of the implicated statute clearly and unambiguously provides that the legislature intended that the courts not be available for either party to enforce a bargain made in violation thereof. *Id.* Indiana Code section 27–7–5–2 requires UIM coverage that must meet or exceed the limits of liability in the bodily injury liability provision of the policy and must not be less than $50,000. As we held in *American Family I* regarding UM coverage, to allow Federated to exclude any UIM coverage at all dilutes statutory protection.

We find that, here, the trial court correctly determined that the provision of the UM/UIM coverage option form that provides no coverage for some insureds contravenes the statute and that Federated must provide UM/UIM coverage in an amount equal to the bodily injury liability provision of the policy, $500,000, to Bishop. Furthermore, as the trial court stated "[t]he policy of the statute would be defeated if the person with the power to elect or decline coverage could elect coverage for herself while declining coverage for others." *Appellant's App.* at 9. The trial court correctly granted summary judgment in favor of Bishop, finding that Federated must provide UIM coverage in the amount of $500,000 to him.[3]

Affirmed.

RILEY, J., and MATHIAS, J., concur.

---

3. Additionally, we note that our legislature has repealed Indiana Code section 27–7–5–1.5 effective January 1, 2010. *See* P.L. 124–2009. Public Law 124–2009 provides that an insurer shall make available to the policyholder of a commercial vehicle policy that is in effect before January 1, 2010 UM/UIM coverage in limits at least equal to a policy's bodily injury limits of liability.