# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**LINDA Y. HAMMEL**
Yarling & Robinson
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DAVID J. LANGE**
Stewart & Stewart
Carmel, Indiana



FILED
Sep 04 2014, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

PROGRESSIVE PALOVERDE )
INSURANCE, )
)
 Appellant - Defendant, )
)
   vs. )  No. 49A02-1402-CT-62
)
JACOB P. ARNOLD, )
)
 Appellee – Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
The Honorable Burnett Caudill, Magistrate
Cause No. 49D11-1206-CT-23089

**September 4, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

This appeal involves a claim for uninsured motorist proceeds by Jacob Arnold against his auto insurer, Progressive Paloverde Insurance ("Progressive"). Progressive brings this interlocutory appeal challenging the trial court's order denying Progressive's motion for partial summary judgment. Progressive raises one issue for review: whether the trial court's denial of partial summary judgment was erroneous. Concluding there is no genuine issue of material fact and Progressive is entitled to judgment as a matter of law, we reverse.

## Facts and Procedural History

On March 3, 2012, Arnold purchased a used 1994 Yamaha motorcycle. On March 10, while riding his new motorcycle, Arnold was injured in an accident allegedly caused by the negligent operation of another vehicle by Stephanie Cooley,[1] who was uninsured. At the time of the accident, Arnold was covered by a Progressive automobile insurance policy. That policy included provisions related to uninsured or underinsured motorist coverage, and Arnold paid the premium for that coverage.

Relevantly, Arnold's policy contained the following provision with respect to uninsured motorist coverage:

> INSURING AGREEMENT – UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE
>
> If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury . . . .

---

[1] Cooley is not participating in this appeal.

2

Appellant's Appendix at 77 (emphasis omitted). Arnold's policy provided for the following exclusion to his policy's uninsured motorist coverage: "Coverage under this Part III will not apply . . . to bodily injury sustained by any person while using or occupying . . . a motor vehicle that is owned by you, other than a covered auto." Id. at 79, 108 (emphasis omitted). The policy defines "covered auto" as "an auto you become the owner of during the policy period if: a. the auto is not covered by any other insurance policy; b. you notify us within 30 days of becoming the owner of the auto; and c. you pay any additional premium due." Id. at 107. Finally, Arnold's policy defines "auto" as "a land motor vehicle: a. of the private passenger, pickup body, or cargo van type; b. designed for operation principally upon public roads; c. with at least four wheels . . . ." Id. at 68.

On June 8, 2012, Arnold filed a complaint against Cooley and Progressive for personal injuries and uninsured motorist proceeds. As to Progressive, Arnold also alleged bad faith failure to pay uninsured motorist proceeds and requested an award of punitive damages. On June 28, 2013, Progressive filed its motion for partial summary judgment, seeking summary judgment on Arnold's claim for uninsured motorist proceeds. Progressive's designated evidence included Arnold's insurance policy and his answers to interrogatories. On December 9, 2013, the trial court denied Progressive's motion for partial summary judgment, concluding "[t]here remains a genuine issue of material fact as to the issue of the uninsured motorist coverage . . . ." Appellant's App. at 7.

Upon a motion by Progressive, the trial court certified its order for interlocutory appeal, and this court accept jurisdiction over Progressive's interlocutory appeal.

## Discussion and Decision

### I. Standard of Review

When reviewing a trial court's ruling on summary judgment, we apply the same standard as the trial court. Manley v. Sherer, 992 N.E.2d 670, 673 (Ind. 2013). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Our review is limited to those facts designated to the trial court. Meredith v. Pence, 984 N.E.2d 1213, 1218 (Ind. 2013). The appellant has the burden of demonstrating that the summary judgment ruling was erroneous. Amaya v. Brater, 981 N.E.2d 1235, 1239 (Ind. Ct. App. 2013), trans. denied. Cases such as this one, involving the interpretation of insurance contracts, are particularly appropriate for summary judgment because the interpretation of a contract is a question of law. Burkett v. Am. Family Ins. Grp., 737 N.E.2d 447, 452 (Ind. Ct. App. 2000).

Insurance contracts are subject to the same rules of construction as other contracts. Id. When interpreting a contract, the court's objective is to ascertain and enforce the intent of the contracting parties. Id. If the language is clear and unambiguous, it will be given its plain and ordinary meaning. Id.

### II. Uninsured Motorist Coverage

There is no genuine issue of fact in this case, and the parties' briefs imply that this case strictly concerns a question of law. Both parties are in agreement as to the terms of Arnold's insurance policy. Arnold was provided uninsured motorist coverage, but his policy provided for an exclusion from that coverage where bodily injury is sustained while

4

using or occupying "a motor vehicle that is owned by [Arnold], other than a covered auto."

Appellant's App. at 79, 108. The policy's stated definitions of "auto" and "covered auto" make clear that a motorcycle, which does not have "at least four wheels," is excluded from the policy's uninsured motorist coverage. Id. at 68, 107. Arnold does not dispute this interpretation of the policy. Rather, he maintains that the policy's categorical exclusion of motorcycles from his uninsured motorist coverage is contrary to Indiana law and public policy.

Indiana Code section 27-7-5-2 serves as the basis for Arnold's argument. That section requires that motor vehicle insurance policies provide an option for uninsured motorist coverage. Specifically, the statute provides in relevant part:

> [T]he insurer shall make available, in each automobile liability or motor vehicle liability policy of insurance which is delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property to others arising from the ownership, maintenance, or use of a motor vehicle, or in a supplement to such a policy, the following types of coverage:
> (1) in limits for bodily injury or death and for injury to or destruction of property not less than those set forth in IC 9-25-4-5 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, and for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles for injury to or destruction of property resulting therefrom; or
> (2) in limits for bodily injury or death not less than those set forth in IC 9-25-4-5 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy provisions who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of

bodily injury, sickness or disease, including death resulting therefrom. The uninsured and underinsured motorist coverages must be provided by insurers for either a single premium or for separate premiums, in limits at least equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless such coverages have been rejected in writing by the insured. . . . Uninsured motorist coverage or underinsured motorist coverage may be offered by an insurer in an amount exceeding the limits of liability specified in the bodily injury and property damage liability provisions of the insured's policy.

Ind. Code § 27-7-5-2(a). Arnold contends that because motorcycles are not excluded from the definition of "motor vehicle," see Ind. Code § 9-13-2-105, then they cannot be excluded from a policy's uninsured motorist coverage.

Arnold relies heavily on this court's decision in Veness v. Midland Risk Ins. Co., 732 N.E.2d 209 (Ind. Ct. App. 2000). In that case, Michelle Veness was injured while riding on a motorcycle owned by a friend, after the driver lost control of the motorcycle. Veness's insurance company denied her claim for underinsured motorist proceeds, because her policy contained an exclusion from underinsured motorist coverage where the insured (i.e. Veness) was "occupying a motorcycle." Id. at 211 (emphasis omitted). Veness argued this exclusion was contrary to public policy, and this court agreed. Id. at 215. The court focused on the language of Indiana Code section 27-7-5-2(a) and determined the overarching intent of the statute is to provide "protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of [uninsured or] underinsured motor vehicles . . . ." Id. at 213 (quoting Ind. Code § 27-7-5-2(a)) (emphasis omitted). The court then determined that a motorcycle is in fact a "motor vehicle" for purposes of the statute. Id. at 213. Therefore, the court held it was against public policy for an insurance company to exclude underinsured motorist coverage simply

6

because the insured was occupying a motorcycle where an insured person is legally entitled to recover damages from the owner or operator of an underinsured motorcycle. Id. at 215. Veness is different from the present case. The exclusion in Veness worked to limit coverage based on the type of motor vehicle operated by the negligent party, while the exclusion in this case depends on the insured person's operation of a vehicle he owns but has not insured.

Referring to Indiana Code section 27-7-5-5(b),[2] the court in Veness noted our "legislature intended that insurance companies be allowed to limit their [uninsured motorist] coverage to vehicles insured under the policy when the vehicle is an owned one." Veness, 732 N.E.2d at 214 (quoting IDS Prop. Cas. Ins. Co. v. Kalberer, 661 N.E.2d 881, 885 (Ind. Ct. App. 1996), trans. denied)). This seems to be what Arnold's policy does; it states that uninsured motorist coverage is not applicable where injury is sustained "while using or occupying . . . a motor vehicle that is owned by you, other than a covered auto." Appellant's App. at 79, 108.

"[L]anguage in an insurance policy which limits or diminishes the protection required by the uninsured motorist statute is contrary to public policy only if it specifically limits uninsured motorist protection as to [a] person who would otherwise qualify as insured for liability purposes." Jackson v. Jones, 804 N.E.2d 155, 161 (Ind. Ct. App. 2004). Here, Arnold's policy contained similar exclusions in both the liability and uninsured

---

[2] "When the coverage specified in this chapter is written to apply to one (1) or more motor vehicles under a single automobile liability policy, such coverage applies only to the operation of those motor vehicles for which a specific uninsured or underinsured motorist premium charge has been made and does not apply to the operation of any motor vehicles insured under the policy or owned by the named insured for which a premium charge has not been made." Ind. Code § 27-7-5-5(b).

motorist sections for an owned, uninsured vehicle. Arnold's insurance policy provided that "[c]overage [for liability] . . . will not apply to any insured person for . . . bodily injury or property damage arising out of the ownership, maintenance, or use of any vehicle owned by [Arnold] . . . other than a covered auto for which this coverage has been purchased . . . ." Appellant's App. at 70-71. Simply stated, Arnold did not qualify as insured under this policy for liability purposes while operating a motorcycle he owned but did not insure through Progressive. Therefore, his policy's uninsured motorist coverage exclusion regarding use of an owned, uninsured auto is not contrary to public policy.

## Conclusion

Concluding Arnold's insurance policy's uninsured motorist coverage exclusion does not violate public policy and Progressive is entitled to judgment as a matter of law, we reverse.

Reversed.

BAKER, J., and KIRSCH, J., concur.